## STATE FARM MUTUAL AUTOMOBILE INS. CO. *v.* COUGHRAN.

No. 519. Argued March 4, 1938.—Decided March 28, 1938.

486

*Mr. Joseph A. Spray,* with whom *Mr. Sydney L. Graham* was on the brief, for petitioner.

*Mr. Raymond G. Stanbury,* with whom *Mr. John F. Gilbert* was on the brief, for respondent.

MR. JUSTICE McREYNOLDS delivered the opinion of the Court.

Petitioner's policy insured one R. O. Anthony, the owner, against liability for injuries caused by a designated automobile. As the result of alleged negligent and unlawful action by the assured's wife the car collided with a truck June 16, 1934. Respondent Coughran suffered injuries for which he recovered judgment against Anthony, also against his wife. Both were insolvent; a writ of execution against them was returned unsatisfied.

Thereupon respondent commenced this suit to recover of petitioner the amount of his unpaid judgment. He claimed this right under the policy and statute. Answering, the company exhibited the policy and denied liability. As a first separate defense it alleged that Anthony and his wife had not complied with certain terms of the contract. As a second—

"That said accident was an accident for which the defendant under the terms and conditions of said policy is not liable in that: At the time and place of the accident the automobile of the insured was being driven and operated by a person who was not the paid driver of the insured, nor a member of his immediate family, nor a person acting under the direction of the assured. This defendant alleges that the said automobile at the time of the accident was being driven and operated by a person in violation of the laws of the State of California as to age and as to driver's license and further alleges

that the driver of said car was a minor, being a female of the age of approximately 13 years."

There were other separate defenses.

A jury having been waived, the cause went to the court on the pleadings and evidence. It made findings of fact with conclusion of law and entered judgment for Coughran. Neither side requested other or different findings.

The Circuit Court of Appeals thought findings III and XII were inconsistent "and to elucidate the truth, a review of the testimony is required." After such review it ruled that the findings so elucidated were adequate and required affirmation of the challenged judgment. One judge thought otherwise and presented a separate opinion.

Under applicable statutes and repeated rulings here, the matter open for consideration upon the appeal was whether the findings of the trial court supported its judgment. To review the evidence was beyond the competency of the court. U. S. C. Title 28, §§ 773, 875; *Walnut* v. *Wade*, 103 U. S. 683, 688; *Stanley* v. *Supervisors of Albany*, 121 U. S. 535, 547; *Law* v. *United States*, 266 U. S. 494, 496.

Two persons were in the insured automobile when the accident occurred. Nancy Leidendeker, a girl of 13 without license to drive, occupied the driver's seat. By her side sat Helen B. Anthony, wife of the assured, an adult holding a driver's license.

The principal point upon which the petitioner now relies is that as the accident occurred when the car was being driven and operated by the young girl contrary to the owner's commands and in violation of California statutes, the policy did not cover his liability.

The policy (incorporated in the findings) under the heading "Terms and Conditions Forming a Part of This Policy," provides—

"(1) *Risks Not Assumed by This Company.* The Company shall not be liable and no liability or obligation

of any kind shall attach to the Company for losses or damage: . . . (A) . . . (D) Unless the said automobile is being operated by the Assured, his paid driver, members of his immediate family, or persons acting under the direction of the Assured; (E) Caused while the said automobile is being driven or operated by any person whatsoever either under the influence of liquor or drugs or violating any law or ordinance as to age or driving license; (F) . . ."

Applicable sections of the California Vehicle Act,— Stats. 1923, pp. 518, 519, 536; Stats. 1927, p. 1427; Stats. 1931, p. 2108—follow:

"Section 1. The following words and phrases used in this act shall have the meanings here ascribed to them."

. . . . .

"Sec. 18. *'Operator.'* Every person who drives, operates or is in actual physical control of a motor vehicle upon a public highway."

"Sec. 76. *Unlawful to employ unlicensed chauffeur.* No person shall employ for hire as a chauffeur of a motor vehicle, any person not licensed as in this act provided. No person shall authorize or knowingly permit a motor vehicle owned by him or under his control, to be driven by any person who has no legal right to do so or in violation of the provisions of this act."

"Sec. 58. *Operators and chauffeurs must be licensed.*

"(a) It shall be unlawful for any person to drive a motor vehicle upon any public highway in this state, whether as an operator or a chauffeur, unless such person has been licensed as an operator or chauffeur; except such persons as are expressly exempted under this act." [Exception not applicable here.]

"Sec. 64. *What persons shall not be licensed as operators or chauffeurs.*

"(a) An operator's license shall not be issued to any person under the age of sixteen years and no chauffeur's license shall be issued to any person under the age of

eighteen years, provided that an operator's license may be issued to any minor over the age of fourteen years and less than sixteen years of age upon special application and statement of reasons by the parent or guardian of such minor."

Especially pertinent findings by the trial court follow:

"III. The court finds that on or about the 16th day of June, 1934, and while said policy was in full force and effect, one Helen B. Anthony operated the Chevrolet automobile referred to in and covered by the said policy of insurance with the permission and consent of the assured, R. O. Anthony, and operated the same negligently so as proximately to cause an accident and injury to the person and property of the plaintiff to his damage in the reasonable sum of Five Thousand Ninety-two and 55/100 Dollars ($5092.55)."

"IX. The court finds that it is true that the defendant, prior to the trial of the action in the state court entered into the non-waiver agreement received in evidence in this action with the assured, R. O. Anthony, and with Helen B. Anthony. That the said non-waiver agreement was executed just prior to the commencement of the trial of the state court action. That the plaintiff was not a party to that agreement and had no knowledge of any facts referred to therein and was not in privity with any of the defendants in the state court action and that so far as the conduct of the defendant affects the plaintiff in this action, the defendant managed and conducted the defense in the state court."

"XII. With regard to the second separate defense of defendant, the court finds that the said automobile at the time of the impact that resulted in the injury to the plaintiff was being jointly operated by Helen B. Anthony and Nancy Leidendeker; that said Helen B. Anthony was a member of the assured's immediate family and was an adult person over the age of twenty-one (21) years

who was licensed by the State of California to drive an automobile; and that said Nancy Leidendeker was a minor and not permitted under the applicable laws to operate a motor vehicle in the State of California; that the assured had forbidden said minor Nancy Leidendeker to drive any motor vehicle or automobile of which he was the owner or which he controlled; and that the action of said Nancy Leidendeker on the day of the accident and at the time of the impact involved in this action were in disobedience of and contrary to the commands, orders and instructions of the assured, R. O. Anthony; that at the time of the accident, insofar as the propulsion of the vehicle was concerned, other than the means of direction, all instrumentalities of said automobile were being physically actuated by said minor Nancy Leidendeker, with the acquiescence and knowledge of Helen B. Anthony and without any knowledge, acquiescence or consent on the part of the assured, R. O. Anthony; that the proximate and direct cause of the collision between the insured automobile and a truck owned by San Pedro Commercial Company was the act of Helen B. Anthony in seizing the steering wheel of the automobile at and immediately preceding the moment of impact and collision."

"XVI. That prior to the commencement of the trial of the said State court action the defendant had full knowledge of all the facts and circumstances concerning the presence of the said Nancy Leidendeker in the driver's seat or in a part of said seat, and all other facts relied on by the defendant as constituting a concealment and a defense of the case at bar, but that the defendant did not reveal said facts to the plaintiff or his counsel, and that plaintiff and his counsel had no knowledge that the said Nancy Leidendeker occupied any part of the driver's seat until said trial was completed."

"XVII. The court finds that prior to the collision between the insured automobile and a truck owned by the

San Pedro Commercial Company, Helen B. Anthony seized the steering wheel of the insured automobile and steered the same to the right, proximately causing the same to come into collision with the said truck and proximately causing the same to turn to its right, proximately causing the collision of plaintiff's car and the injuries and damages suffered by him."

When read together no material conflict exists between findings III and XII; there is no real difficulty in understanding the circumstances to which they are addressed. The first contains statements concerning the conduct of one in authority; the second describes in detail what really took place at the moment of collision. The word "operate" has varying meanings according to the context. Webster's New International Dictionary. One may operate singly with his own hands, or jointly with another, or through one or more agents.

From the findings it appears that when the accident occurred the automobile was not being operated by the assured, his paid driver, a member of his immediate family or a person acting under his direction, within fair intendment of the policy. Contrary to the owner's commands "insofar as the propulsion of the vehicle was concerned, other than the means of direction, all instrumentalities of said automobile were being physically actuated by said minor" who was inhibited by the statutes from driving or operating a motor vehicle within the State.

Just before the accident, Mrs. Anthony seized the steering wheel and by negligent manipulation of this caused the collision.

If, as found, the automobile was being jointly operated by the wife and the girl the risk was not within the policy. The latter was forbidden by law to operate or drive jointly or singly. If the wife was in control the statute forbade her to permit driving by the girl. In any view, when the

collision occurred the car was being driven or operated in violation of the statutes.

In support of his position respondent relies heavily upon *O'Connell* v. *N. J. Fidelity Ins. Co.,* 201 App. Div. (N. Y.) 117; 193 N. Y. S. 911; and *Williams* v. *Nelson,* 228 Mass. 191; 117 N. E. 189. These causes, we think, are not in point. They were decided upon facts and circumstances materially different from those here disclosed.

Respondent further submits that petitioner is precluded from any inquiry concerning who actually was driving the car when the accident occurred. He says the entire sequence of events surrounding Nancy Leidendeker was highly material and should have been litigated in the original tort action brought by Coughran against the Anthonys, and based solely upon permissive use. Also, if the facts then known by petitioner had been there revealed, it would have become apparent that the girl lacked permission to drive and that the wife exceeded the terms of her authorization; and that by suppressing these facts petitioner exposed the assured to a liability which otherwise might not have been imposed.

The judgment roll of the tort action is not before us; we are limited to the findings. That action was defended by the petitioner under a non-waiver agreement; the complaint alleged damages from negligence of the wife as driver and operator imputed to the husband. Defenses now presented by the Insurance Company against liability under the policy were not involved. Joint driving by Mrs. Anthony and the girl was not subject to inquiry.

Moreover, in the circumstances we may not conclude that respondent should prevail because petitioner failed to present facts in the tort action which he says if then presented might have defeated the very judgment upon which he now relies to support his claim.

The judgment of the Circuit Court of Appeals must be reversed. The cause will be remanded to the District Court with instructions to enter judgment for the Insurance Company, petitioner here.

*Reversed.*

MR. JUSTICE CARDOZO took no part in the consideration or decision of this case.