[Civ. No. 12119.   Second Appellate District, Division Two.—February 17, 1939.]

FENTON L. BROWN et al., Appellants, v. THE TRAVELERS INSURANCE COMPANY (a Corporation), Respondent.

Wright, Monroe & Harden and Wright, Monroe, Harden & Thomas for Appellants.

Stearns, Luce, Forward & Swing and Fred Kunzel for Respondent.

McCOMB, J.—From a judgment sustaining a demurrer to plaintiffs' complaint without leave to amend in an action to recover upon a public liability insurance policy, plaintiffs appeal.

The essential facts are:

Defendant issued a policy of public liability insurance covering an automobile belonging to the named assured. The policy extended coverage to those persons to whom the named assured gave permission either express or implied to drive the car, provided, however, that the extended coverage should not apply where the automobile was being driven "by any person under the age of fourteen years, or by any person in violation of any state, federal or provincial law as to age applicable to such person".

Plaintiffs recovered a judgment against the named assured because of the negligence of the latter's son, aged fourteen years and eleven months, in operating the automobile. At the time of the accident he did not have a license from the state of California to drive an automobile. Since defendant herein refused to pay the judgment against the assured, plaintiffs brought this suit against defendant, the insurance carrier, to recover the amount of the judgment.

This is the sole question to be determined:

*Does a provision in a public liability automobile insurance policy to the effect that the policy does not apply where the automobile is being operated "by any person under the age of fourteen years, or by any person in violation of any state, federal or provincial law as to age applicable to such person" exclude liability in California where the automobile is being operated by an unlicensed person of the age of fourteen years and eleven months who, by reason of an exception in the general law as to age, may possess all of the qualifications to entitle him to a driver's license?*

This question must be answered in the affirmative. At the time of the accident here involved it was unlawful to drive an automobile without a license (sec. 250, Vehicle Code), and no license could lawfully be issued to any person under the age of sixteen, except that the motor vehicle department might issue a license to a minor between the ages of fourteen and sixteen where a statement was made by some person other

than the minor showing reasons for the issuance of the license *satisfactory to the motor vehicle department.* (Sec. 257, Vehicle Code.)

Though there is a conflict of authority as to the proper construction of the exclusion clause here under consideration, the weight of authority and the better rule, in our opinion, is that, where an insurance policy excludes liability when the automobile is being driven ''by any person under the age of fourteen years, or by any person in violation of any state, federal or provincial law as to age applicable to such person'', and an accident occurs while the assured's automobile is being operated by a person over fourteen years of age and under sixteen years of age without a license in violation of a state law which prohibits such a person from operating an automobile without first obtaining a license, the exclusion clause above mentioned relieves the insurer from liability, for the reason that the operator of the car is driving in violation of a law as to age. (*Hudak* v. *Union Indemnity Co.,* 108 Conn. 598 [143 Atl. 885] ; *Witzko* v. *Koenig,* 224 Wis. 674 [272 N. W. 864, 866] ; *Morrison* v. *Royal Indemnity Co.,* 180 App. Div. 709 [167 N. Y. Supp. 732, 733].) For a case holding to the contrary see *Bitzer* v. *Southern Surety Co.,* 245 Ill. App. 295.

This rule of law is consistent with the requirement of the Civil Code, section 1636, that a contract must be interpreted so as to give effect to the mutual intention of the parties as it existed at the time of the contract. There can be no doubt that the insurer intended to eliminate liability in such a case as the present one by inserting in its contract the exclusion clause here questioned. It is equally clear that the assured in reading the exclusion clause would have believed that she was not protected in the event she permitted her minor son to drive her automobile without obtaining a license, which is contrary to the provisons of the Vehicle Code. There is no valid reason why the loss occasioned by assured's permitting her son to violate a state law should be shifted to defendant.

Applying the foregoing rules to the present case, it is clear that, since the operator of the car was fourteen years and eleven months of age at the time of the accident and had not obtained a driver's license, he was driving the automobile in violation of the laws of this state (secs. 250, 257, Vehicle

Code), and defendant was not liable by the terms of its policy.

For the foregoing reasons the judgment is affirmed.

Crail, P. J., and Wood, J., concurred.

A petition by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on April 17, 1939.