## LUMBERMENS MUT. CASUALTY CO. v. McIVER.
### No. 9294.

Circuit Court of Appeals, Ninth Circuit.
March 8, 1940.

Rehearing Denied April 13, 1940.

C. F. Jorz, of Los Angeles, Cal., for appellant.

James J. McCarthy, of Los Angeles, Cal., for appellee Loraine Johnson.

Carl B. Sturzenacker, of Los Angeles, Cal., for appellees McIver, Clark, and Vaughn, etc.

Before GARRECHT, HANEY, and STEPHENS, Circuit Judges.

STEPHENS, Circuit Judge.

Appeal from a judgment of the District Court in which the plaintiff [an Illinois corporation] was adjudged to pay costs of suit and was denied relief under its complaint for a declaratory judgment.

An insurance policy was in full force and effect whereby the plaintiff-appellant insured Mrs. Leotia E. McIver and Jeff Clark [California residents], defendant appellees, against loss from automobile accidents as provided therein. It also provided that the insurance company would defend any action brought against either Mrs. Leotia E. McIver or Jeff Clark for damages alleged to have been caused by either's operation of the automobile covered by the policy. The policy provides that it does not apply "while the automobile is operated by any person under the age of fourteen years, or by any person in violation of any state, federal or provincial law as to age applicable to such person * * *".

An accident occurred in Los Angeles County, California, wherein Loraine Johnson was struck by the automobile covered by the policy, while Grace Vaughn, a minor of the age of 14 years and without a state license to drive an automobile was in the driver's seat, and while Jeff Clark, by her side, was having something to do with the driving mechanism.

Loraine Johnson brought suit in the California Superior Court against Jeff Clark, Leotia E. McIver and others for damages allegedly resulting from such accident. Subsequent to the filing of the action in the California court the Insurance Co., appellant here, filed the instant action alleging in its complaint that "Jeff Clark and Leotia E. McIver and Grace Vaughn claim that the terms and provisions of said policy of insurance herein mentioned inure and protect said persons and each of them against

the consequences of the aforesaid accident and require and obligate this plaintiff to defend said persons and each of them and to pay within the limits of liability stated in said policy of insurance any judgment that may be rendered against Jeff Clark, Mrs. Leotia E. McIver and Grace Vaughn because of the aforementioned action and the claims arising therefrom". Appellant alleges that a controversy exists as to the liability of the insurance company to conform to the claim above set out and that the insurance company is under no duty to anybody by reason of such policy for the reason that the automobile was being operated by Grace Vaughn in violation of the provision of the policy in that she was driving the automobile in violation of the California Vehicle Code, St.1935, p. 93, at the time of the accident.

The trial judge found that Jeff Clark was operating the car, and concluded that by the terms of said policy the plaintiff-appellant is required to defend the said suit and to pay and discharge any judgment rendered against Jeff Clark or Leotia E. McIver within the limitation of said policy.

It is undisputed that if the court was right in his finding that the car was operated by Jeff Clark, the relief requested by the plaintiff could not have been granted. On the other hand, under the case of Brown v. Travelers Insurance Co., 31 Cal.App.2d 122, 87 P.2d 377, if the minor was operating the car the policy did not cover the accident and the relief requested would be proper. Thus we are confronted with a question of fact, and unless the trial court was clearly wrong we cannot disturb his finding.

The trial judge filed a written memorandum of decision and we have compared the third person narrative form of Jeff Clark's testimony therein with the testimony itself, and find it to be accurate. The trial court adopted Clark's testimony as a correct statement of the happening. We quote Clark's testimony as narrated by the court:

"There were three persons in the front seat of the automobile, with Gracie Vaughn on the left, behind the wheel. He [Jeff Clark] was in the middle and Gracie's sister, Maxine, was on his right. He sat close to Gracie, with his back toward Maxine and was teaching Gracie to drive the car. The lesson had been carried on for about twenty minutes prior to the accident and the same seating arrangement had pre-

vailed during the entire period. Prior to that time Clark himself had been at the wheel driving the party about town. About eighty feet from the intersection at which the accident occurred and while the car was going about twenty-five miles an hour, he said to the girl, 'Put your brakes on Gracie.' The brakes, when applied, caught just for a moment and then released. Gracie hollered 'They won't hold'. He glanced at the floor-board and saw that Gracie's foot was on the brake pedal which was depressed to the floor-board. The car was proceeding westward down an incline toward the intersection and the speed of the car was being gradually accelerated. At the street intersection several cars were stopped in compliance with the boulevard stop sign there located. Clark's car was traveling nearer the center line of the street than the curb line. About fifteen or twenty feet behind the cars that were stopped at the boulevard, Clark realized he might bump into them. He grabbed the steering wheel, first with his left hand and then with his right, and swerved the car in a southerly direction so as to miss the automobiles in front of him. The southerly side of the street appeared to be clear from all direction[s]. However, Loraine Johnson, who was crossing the street in a southerly direction in front of the stopped cars, and who had proceeded about two-thirds of the way across the street, was struck by the left front fender of the car.

"Just prior to the impact, and as soon as he saw the pedestrian, Clark removed his left hand from the wheel, reached over Gracie's lap under the steering post, and grabbed the emergency brake. The emergency brake on that car came out from under the cowling and was operated by pulling the lever backwards. The brake lever did not lock automatically unless it was pulled straight toward the driver. If it was pulled to the right it would not lock automatically, although its brake pressure would be applied.

"Clark thereafter kept his left hand on the emergency brake lever until the car was finally stopped. At the time of the impact with Loraine Johnson the car was still traveling about twenty-five miles an hour, having picked up speed because of the incline down which it was proceeding. Clark did not remember definitely whether or no Gracie took her hands off the wheel when he took hold of it; he does remem-

ber, however, that at the time he grabbed it she had her hands on the lower part of the wheel and does not remember that she continued that hold. In any event he had no interference from Gracie's arms or body in operating the car. After Clark grabbed the wheel and until the car was finally stopped, Gracie did nothing and was terribly excited. After the impact Clark continued to hold onto the emergency brake with his left hand and, with his right hand, steered the car across the intersection and onto the right-hand side of the street, stopping in the middle of the next block near the curb line. As he thought the foot brake would not work, he stopped the car with the emergency brake."

■ Clark's testimony was sought to be impeached by certain written statements made theretofore by him, but they do not in our opinion justify our rejecting the credit given Clark's evidence by the trial court nor the finding based thereon, which is as follows, to-wit: "That the automobile at the time of the accident was operated by said Jeff Clark and was not operated by any person in violation of the Vehicle Code of the State of California, that said automobile at the time of said accident was not operated by said Grace Vaughn."

Great weight is given the case of State Farm Ins. Co. v. Coughran, 303 U.S. 485, 58 S.Ct. 670, 671, 82 L.Ed. 970, by appellant, but we find nothing in that case affecting the conclusions we have just expressed. In the cited case the findings were that the minor in the driver's seat and her companion sitting by her side who was within the terms of the insurance policy, were jointly operating the automobile at the time of the accident upon which the suit was premised. Here, as we have seen, the trial court specifically found that Clark was himself operating the automobile. In passing we may add that although appellant stated that he is arguing the absence of substantial evidence to support such finding, his argument in fact is that the better judgment would have been that Clark's testimony should not have been believed and that from all of the circumstances the trial court should have found that either Grace alone or she and Clark jointly were operating the car. In this connection it is interesting to quote certain apt language from the State Farm Insurance case, supra, "Under applicable statutes and repeated rulings here, the matter open for consideration upon the appeal was whether the findings of the trial court supported its judgment. To review the evidence was beyond the competency of the court. [citing authority.]"

■ Upon the point of joint control it suffices to say that the complaint not only does not allege anything in regard to a joint control of the automobile, but specifically contains the allegation "that at the time of said accident the automobile described in said policy of insurance was being driven and operated by the defendant Grace Vaughn, a minor * * *". The whole complaint has been framed upon the postulate that the insurance company was without liability because of that fact. The answer of McIver and Clark and the separate answer of Loraine Johnson place Jeff Clark as the driver. Nowhere is there an allegation of joint control. The evidence as narrated by the judge in his opinion together with his conclusions, the findings of fact and conclusions of law, and even appellant's statement of points upon which appellant intends to rely on appeal are all silent upon the subject of joint control. The point is first raised in the brief upon appeal. In the circumstances, and since the evidence is not so clearly to the effect that the automobile was under joint control at the time of the accident that we should ourselves inject the issue in the interest of justice, we hold that the issue is not before us.

Affirmed.