**STATE FARM MUT. AUTOMOBILE INS. CO. v. SMITH et al.**

No. 146.

District Court, W. D. Missouri, Central Division.

Nov. 24, 1942.

Fred F. Wesner, of Sedalia, Mo., for plaintiff.

D. S. Lamm and Lawrence Barnett, both of Sedalia, Mo., for defendant Smith.

Montgomery, Martin, Salveter & Montgomery, of Sedalia, Mo., for defendant Piper.

Frank W. Hayes, of Sedalia, Mo., for defendant McClure.

COLLET, District Judge.

This is a declaratory judgment action brought by an insurance company to determine its liability under an automobile liability insurance policy. A jury was waived and the cause submitted to the Court sitting as a jury.

The facts are substantially as follows: Mr. Smith holds a policy of insurance issued by the plaintiff company insuring him against claims arising from the operation of his automobile. The policy contains the usual provision:

"This policy shall not apply * * * while the automobile is being operated:

"(1) by any person under the minimum age required to obtain a license to operate a private passenger automobile in the State, Federal District or Territory or Province in which the automobile is registered or in which the accident occurs, whichever is lower, or,

"(2) by any person under the age of fourteen (14) years."

The minimum age of an operator of a private passenger automobile in Missouri is 16 years.

Prior to the date of the accident Mr. Smith had been teaching his granddaughter to operate his automobile. About noon on the date of the accident Mr. Smith, his wife and the granddaughter were returning to their home in the automobile. The granddaughter, then 14 years of age was operating the car. They were proceeding Westwardly on the right side of the street in Sedalia, Missouri, on which the home was situated. The home was on the South side of the street. As the car approached the point at which it was necessary to turn left across the street to enter the driveway at his home, Mr. Smith, who was sitting beside his granddaughter on the front seat told her that he had better make the turn. He thereupon took hold of the steering wheel and, from his position on the right side of the car turned it left across the street and into the driveway. The granddaughter moved as far to the left as the left side of the car would permit and ceased doing anything toward propelling or directing the car. Two elderly ladies were walking on the sidewalk, and at the time were about to cross the driveway. They came into the path of the car, whereupon Mr. Smith, being in no position to apply the brake or disengage the clutch, turned off the ignition switch of the car and unsuccessfully undertook by steering the car to avoid striking them. Both were knocked down. One was killed. Actions have been instituted in the state court against Smith to recover damages for the injury to one and the death of the other. The insurance company brings this action to determine its obligation to defend those actions and to satisfy any judgment which may be recovered therein. A justiciable controversy exists. The parties so concede. The question of paramount importance is—who was operating the car within the meaning of the terms of the policy?

It is always of importance that he who is to determine the facts be properly informed as to who shall bear the burden of establishing determinative facts. The question might with some propriety be laid aside in this case as plaintiff asserts the burden is upon defendant to establish facts which demonstrate plaintiff's liability under the policy and defendant says he is not much concerned about whether he carries that burden or not since the greater weight of the evidence establishes plaintiff's liability anyway. But the question remains important as the evidence is not at all one way on the question of what actually occurred, and, although a reviewing court will not review the evidence when a trial court performed the offices of a jury,[1] yet it is desirable that the theory of the trial court be made clear.

The proper placing of the burden of proof in Declaratory Judgment actions involves several considerations. It must first be determined whether there is a disputed issue of fact relating to the jurisdiction of the Court to try the cause—whether a justiciable controversy exists. If there is such an issue the burden as to that issue is upon the party bringing the action to establish the facts which establish jurisdiction. Reliance Life Ins. Co. v. Burgess, 8 Cir., 112 F.2d 234. In the present case the parties by the pleadings admit the facts which demonstrate that a justiciable controversy exists, hence we are no longer presently concerned with the question of jurisdiction.

---

[1] State Farm Mut. Automobile Ins. Co. v. Coughran, 303 U.S. 485, 58 S.Ct. 670, 82 L.Ed. 970.

But by what law shall it be determined whether plaintiff or defendant bears the burden of proof on the disputed issue of fact? If it is a matter of substantive right it will ordinarily be controlled by the law of the locus of the contract,[2] in this instance the law of Missouri. Fort Dodge Hotel Co., v. Bartelt, 8 Cir., 119 F.2d 253 (8). In Cities Service Co. v. Dunlap, 308 U.S. 208, 60 S.Ct. 201, 84 L.Ed. 196, it was held to be a matter of substantial right, while the Missouri Supreme Court holds that it is a mere matter of procedure. Menard v. Goltra, 328 Mo. 368, 40 S.W.2d 1053; Connole v. East St. Louis & S. Ry. Co., 340 Mo. 690, 102 S.W.2d 581, loc.cit. 585. See, also, Burns v. Ætna Life Ins. Co., 234 Mo.App. 1207, 123 S.W.2d 185, loc.cit. 190, 191. In diversity cases questions relating to conflict of laws are to be determined by the law of the forum. Klaxon Co. v. Stentor Electric Mfg. Co., 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477. If the matter is treated as procedural the Conformity Act, 28 U.S.C.A. § 724, provides that the local procedure be followed as far as consistent with the procedure established for the Federal Courts. But the conformity act is repealed by the Rules of Civil Procedure for District Courts of the United States, 28 U.S.C.A. following section 723c, insofar as the former may be inconsistent with the latter. Sibbach v. Wilson & Co., 312 U.S. 1, 655, 61 S.Ct. 422, 85 L.Ed. 479. A review of the latter Rules fails to disclose their controlling effect. Therefore, whether the matter be substantive or procedural, the Missouri rule will be followed in this case if there be one. A search of the Missouri authorities indicates that the Missouri Courts have not passed upon the question unless it be by analogy.

The procedure in eminent domain proceedings in Missouri is somewhat analogous. In such proceedings the initial question is whether the proceedings are instituted for the purpose of acquiring private property for a public use. If not, the cause may not be maintained. The burden is upon the party initiating the action to establish that fact, essential to further proceedings. That issue may be compared to the issue of jurisdiction or the existence or non-existence of a justiciable controversy in a declaratory judgment action. In the Missouri eminent domain proceedings an interlocutory judgment is entered, usually in the form of an order finding that the plaintiff has the right to condemn the property and appointing Commissioners to assess benefits and damages. While no such interlocutory judgment is ordinarily entered in the declaratory judgment action, the propriety of such a judgment seems obvious, and in some cases where there is a factual controversy concerning jurisdiction and other unrelated factual issues are to be tried by a jury, a preliminary hearing and interlocutory judgment in some form concerning jurisdiction may become imperative. On such an issue the Missouri practice in eminent domain proceedings suggests that the burden be placed upon the party initiating the action to establish facts sustaining jurisdiction, but when those proceedings progress to the point where the issue of damages, which is usually the dominating one, arises, the burden is normally placed upon the property-owner asserting damages to prove them. Cape Girardeau & C. R. Co. v. Blechle, 234 Mo. 471, 137 S.W. 974, Ann.Cas.1912D, 246. Exceptions to that rule may arise when there is no question of special benefits involved and the property taken concededly has some value. But those possible exceptions are unimportant for present purposes. The same principles which are applied by the Missouri Courts in fixing the burden of proof in eminent domain proceedings, i.e. that the party who would fail in securing the relief sought in the event no evidence was offered should carry the burden of proof, tend to support the theory that a defendant in a declaratory judgment action seeking affirmative relief must assume and carry the burden of proof to establish facts which justify that relief.

In the present case defendant seeks affirmative relief by asking for a judgment that the policy covers any loss to defendant resulting from the accident. In a sense the plaintiff also seeks affirmative relief by seeking a judgment of non-liability. But in the final analysis the plaintiff herein really stands in the position of a defendant with respect to liability, for plaintiff urges the negative while defendant asserts the affirmative of that issue.

In Judge Sanborn's concurring opinion in Reliance Life Ins. Co. v. Bur-

---

[2] But see Griffin v. McCoach, 313 U. S. 498, 61 S.Ct. 1023, 85 L.Ed. 1481, 134 A.L.R. 1462, and Meinsen v. Order of United Commercial Travelers, D.C., 43 F.Supp. 756, for exceptions.

gess, 8 Cir., 112 F.2d 234, loc. cit. 240, the proper course is charted. The Missouri Courts not having announced a contrary rule, Reliance Life Ins. Co. v. Burgess, supra, is controlling and the burden of proof must consequently be placed upon the defendant.

If the established facts warrant the factual conclusion that the granddaughter and Mr. Smith were jointly engaged in operating the automobile at the time of the accident the policy does not cover any resulting loss,[3] but if Mr. Smith alone was operating it, the policy does apply.[4]

■ While the determination of the question of operation in cases of this kind has been characterized as an issue of fact, or as Judge Wilbur refers to it in his dissenting opinion in State Farm Mut. Automobile Ins. Co. v. Coughran, 9 Cir., 92 F.2d 239, loc. cit. 244,—a conclusion of fact, that factual conclusion may not be accurately reached without a clear legal definition of the meaning of the word "operate" as used in the policy. To that extent the question is one of law, to be determined by the contract.[5]

To apply the general law of agency in determining who is operating a motor car within the meaning of a stipulation that insurance shall not apply while the automobile is operated by a person under the minimum age required to obtain a license to operate seems illogical and productive of abortive results. For the question is not who will be held responsible for the agent's act, not whether the child agent was following the master's direction or pursuing the master's business, but is whether the authorized adult or the unauthorized minor was in the manual control of the car. The general law of agency would permit operation by the master from the rear seat or the rear office in a distant city while the physical act performed in an emergency on the highway was actually performed by one who the contract agreed and the law provided was incompetent. The legal fiction which appropriately makes the master liable when under certain circumstances he selects an incompetent agent or servant does not place him in the driver's seat with the

means at hand to exercise mature judgment in avoiding an accident on the highway.

Nor will the "Master of the Ship" doctrine furnish accurate guidance in determining whether a person over the age of 16 was in a position to apply the brake, disengage the clutch or change the direction of the automobile.

As tersely stated in State Farm Mut. Automobile Ins. Co. v. Coughran, supra [303 U.S. 485, 58 S.Ct. 672, 82 L.Ed. 970], "The word 'operate' has varying meanings according to the context. * * * One may operate singly with his own hands, or jointly with another, or through one or more agents." What meaning did the word "operate" have to the parties to this contract? Assuredly they did not mean that operation should consist of the "operator" sitting on the right side of a left side drive automobile leaning over in front of a person sitting under the wheel and "operating" the vehicle as it proceeded down a busy highway or street, with no means of effective control over the movements of the vehicle except its direction.

■ The purpose of the stipulation obviously was to provide insurance only when one who was over the age of 16 years was or could have been in a position in the car from which he could operate substantially all of the means of control.

■ The argument is advanced that the fact that Mr. Smith was on the right side of the front seat, out of a position to operate substantially all of the means of control of the car was simply negligence on his part and did not prevent him from being its operator. That might be true if he had been alone on the seat, but it overlooks the fact that when he placed his granddaughter under the wheel and in such a position that it was impossible for him to assume control of substantially all of the means of control, he relegated himself to the position of a helper or director of the physical operation.

Under that definition of the term "operate", Mr. Smith was not the operator. But the argument persists to the effect that if a bag of sugar had been in the place of the granddaughter, who then would have been the operator? Or, otherwise stated, even

---

[3] State Farm Mut. Automobile Ins. Co. v. Coughran, 303 U.S. 485, 58 S.Ct. 670, 82 L.Ed. 970.

[4] Lumbermens Mut. Casualty Co. v. McIver, 9 Cir., 110 F.2d 323.

[5] "When the words of a written instrument are used in their ordinary meaning, their construction presents a question solely of law." Great Northern R. Co. v. Merchants' Elev. Co., 259 U. S. 285, loc. cit. 291, 42 S.Ct. 477, loc. cit. 479, 66 L.Ed. 943.

if Mr. Smith was not the operator the granddaughter was doing nothing and hence could not have been operating the car. That suggestion overlooks the fact that when the granddaughter was placed in the position of the operator she was expected to perform all of the duties of an operator. Then when Mr. Smith took over the steering of the car it still left her alone in a position to operate the means of stopping the car. She was therefore not entirely divested of her character as an operator and hence her failure to act was not mere nonfeasance. Orcutt v. Century Bldg. Co. et al, 201 Mo. 424, 99 S.W. 1062, 8 L.R.A.,N.S., 929, and Franklin v. May Department Stores Co. et al., D.C., 25 F. Supp. 735.

The judgment must be for the plaintiff.