Cleve A. ORTH and Anna Mae Orth, Appellants,

v.

UNIVERSAL UNDERWRITERS INSURANCE COMPANY, a corporation, Appellee.

No. 16760.

United States Court of Appeals Ninth Circuit.

Dec. 9, 1960.

Rehearing Denied Jan. 11, 1961.

---

Thor P. Ulvestad, Seattle, Wash., for appellant.

Catlett, Hartman & Jarvis, David H. Jarvis, J. Edmund Quigley, Seattle, Wash., for appellee.

Before POPE, HAMLEY and HAMLIN, Circuit Judges.

HAMLEY, Circuit Judge.

This is an action on an automobile dealer's comprehensive liability insurance policy brought by persons who had obtained a personal injury judgment against the dealer's prospective purchaser. A summary judgment was entered for defendant insurance company, and plaintiffs appeal. It is their contention that the trial court erred in holding as a matter of law that the prospective purchaser was not covered by the dealer's policy of insurance.

The relevant facts may be briefly stated. On February 3, 1956, Henry M. Aronson went to the place of business of West Seattle Motors in Seattle with the purpose of inspecting or purchasing an automobile. The dealer permitted Aronson to take a test drive in one of the automobiles it was offering for sale. While Aronson was driving this car it collided with an automobile driven by Anna Mae Orth.

Mrs. Orth and Cleve A. Orth, her husband, brought suit against Aronson in the Superior Court of the State of Washington for King County to recover damages resulting from the collision. They obtained judgment in the sum of $28,500. The Orths then instituted the present suit against Universal Underwriters Insurance Company to recover the amount of the judgment they had obtained against Aronson. Jurisdiction in the federal court rests on diversity of citizenship.

Plaintiffs sue as third party beneficiaries under a comprehensive liability insurance policy which Universal had issued to West Seattle Motors, which policy was in effect at the time of the accident. Their claim under the policy is not predicated on any theory of liability on the part of West Seattle Motors for which Universal must stand good. Rather, it is their contention that at the time of the accident Aronson was himself an insured under the terms of the policy, and that Universal is therefore bound under the policy to assume his liability now reduced to judgment.

The comprehensive liability insurance policy which Universal issued to West Seattle Motors contains no omnibus clause. However, there is attached to that policy a "garage endorsement" which contains the definition of "insured" on which appellants rely. The material part of provision B of the endorse-

ment containing this definition is quoted in the margin.[1]

Aronson is not a "named" insured, the only named insured being West Seattle Motors. Appellants argue, however, that Aronson is an "insured" because he is one of the "other" persons described in clause (3) of quoted provision B. At the very least, appellants urge, the policy is ambiguous as to whether Aronson is an "insured" under clause (3), and the resolution of this ambiguity involves questions of fact which should have been left to the jury.

We turn to an analysis of clause (3). It will be noted that no one is included under that clause unless he is "legally responsible for the use" of an automobile covered by the policy. The automobile being driven by Aronson was covered by the policy. Aronson was legally responsible for its use at the time of the accident because he was the actual driver.

But not all use of automobiles covered by the policy by persons or organizations who are legally responsible for such use is covered by clause (3). The only use by such persons which is covered by that clause is that which occurs while the automobile is "operated" by (a) the named insured, or (b) any partner, employee, director or stockholder of the named insured, or (c) a member of the household of the named insured or partner or employee or director or stockholder. A further limitation is imposed by the proviso that the actual use of the automobile be by the named insured or with his permission.

Appellants make no claim that at the time of the accident the automobile being driven by Aronson was being used in a manner described in (b) or (c) of clause (3). He was not a partner, employee, director or stockholder of West Seattle Motors. Nor was he a member of the household of any of those just named.

It is appellants' contention, however, that at the time of the accident the automobile being driven by Aronson was operated by the named insured, West Seattle Motors, and that such use was therefore of the kind described in (a) of clause (3).

If "operated" means "driven" the automobile was not being operated by West Seattle Motors, but by Aronson. But appellants argue that "operated" is not used in clause (3) in the limited sense of "driven," but includes the concept of direction and control. It is argued from this that a question of fact is presented as to whether Aronson drove the automobile subject to the direction and control of West Seattle Motors.

The word "operate" has varying meanings and may include the concept of direction and control through an agent, or may be limited to actual physical control. State Farm Mut. Auto. Ins. Co. v. Coughran, 303 U.S. 485, 491, 58 S.Ct. 670, 82 L.Ed. 970. Determination of the meaning to be attributed to the word as used in a particular instrument or statute depends primarily upon the context in which it is used.

In clause (3) the word "operated" is employed to describe a relationship between an individual and an automobile.

1. "B. * * * The unqualified word 'insured' includes the named insured and also includes (1) any partner, employee, director or stockholder thereof while acting within the scope of his duties as such, and any person or organization having a financial interest in the business of the named insured covered by this policy, and (2) any partner or employee or director or stockholder thereof or a member of the household of the named insured or such partner or employee or director or stockholder while using an automobile covered by this policy or when legally responsible for the use thereof, provided the actual use of the automobile is by the named insured or with his permission, and (3) any other person or organization legally responsible for the use thereof only while such automobile is operated by the named insured or any such partner or employee or director or stockholder or member of the household of the named insured or partner or employee or director or stockholder, provided the actual use of the automobile is by the named insured or with his permission."

When used in this context the word "operate" means "drive." Thus, in the Washington Motor Vehicle Act the words "operate any vehicle," "operator of any motor vehicle," "operating a vehicle," "operator of a motor vehicle," and "operator of a vehicle" consistently refer to the actual physical control of an automobile.[2] The word was construed as being used in this sense in the automobile insurance policy involved in State Farm Mut. Auto. Ins. Co. v. Coughran, referred to above.[3]

Appellants argue that since the named insured, West Seattle Motors, is a corporation it could not have physically driven an automobile, and so the words "operated by the named insured" as used in clause (3) must necessarily have meant "driven under the direction and control" of the named insured.

A standard endorsement form was attached to the policy, the language of which was intended for use whether the named insured was a corporation or an individual. Had the named insured in this case been an individual the words "operated by the named insured" could have application. Since the named insured is not an individual they have no application. The context in which the quoted words are used is " * * * any other person or organization legally responsible for the use thereof only while such automobile is operated by the named insured * * *." Conceivably a person or organization other than the named insured or other driver specified under this clause could be legally responsible for the use of an automobile covered by the policy. In that event such person or organization would be an "insured" under clause (3).

Appellants rely upon the language of provision A of the endorsement reading: "The ownership, maintenance or use of

the premises for the purposes of an automobile dealer, * * * and all *operations* necessary or incidental thereto * * *." (Emphasis added.) They also call attention to the following words which appear in provision C of the endorsement: "The unqualified word 'premises' means premises *operated* by the named insured * * *." (Emphasis added.) It is argued that the words "operations" and "operated" as used in provisions A and C necessarily include the concept of direction and control and that the word "operated" as used in provision B should therefore be given the same construction.

The terms "operations" and "operated" as used in provisions A and C are not necessarily limited by their connotation in provision B, and the converse is also true. The same word may have a different meaning in one part of a contract from that which it has in another if the context plainly commands. Provisions A and C refer to business operations and the operation of premises and not to the operation of an automobile. As used in reference to the latter in provision B the word "operated" means "driven."

Having reached this conclusion through an analysis of the contract language and finding no ambiguity, the determination that Aronson is not insured under the policy is one of law and not of fact. Since "operated" as used in clause (3) does not include the concept of direction and control, no issue of fact is presented as to whether West Seattle Motors directed and controlled Aronson in the use of the automobile. Having thus determined that Aronson's operation of the automobile is excluded in any event from coverage under the policy, it is immaterial whether his use of the car was permissive, as required by the proviso at the end of clause (3).

2. See RCW 46.16.010, 46.60.010, 46.60.080, 46.60.090, and 46.60.120.

3. See also Robbins v. Greene, 43 Wash. 2d 315, 261 P.2d 83; State Farm Mut. Auto. Ins. Co. v. Smith, D.C.W.D. Mo., 48 F.Supp. 570. In each of these cases the "operation" of a motor vehicle was equated with the physical control of an automobile. Cf. Universal Underwriters Ins. Co. v. Bush, 10 Cir., 272 F. 2d 675.

The trial court correctly held as a matter of law that Aronson was not an insured under the policy of insurance in question. Accordingly, that court did not err in entering summary judgment for appellee.

Affirmed.