**Sarah Moffitt GOODSON and Floyd P. Goodson, Sr., Co-Executors of the Estate of Floyd P. Goodson, Jr., Deceased, Plaintiffs-Appellees,**

v.

**AMERICAN HOME ASSURANCE COMPANY, Defendant-Appellant.**

**Nos. 17273, 17274.**

United States Court of Appeals
Sixth Circuit.

Aug. 2, 1967.

E. Bruce Foster, Knoxville, Tenn., Frantz, McConnell & Seymour, Knoxville, Tenn., of counsel, for American Home Assur. Co.

McAfee Lee, Knoxville, Tenn., Key & Lee, Knoxville, Tenn., of counsel, for Sarah Moffitt Goodson, et al.

Before PHILLIPS, EDWARDS and COMBS, Circuit Judges.

PER CURIAM.

This action was brought against the insurance company to recover $100,000 for the accidental death of the president of the JFG Coffee Company, who was killed in an airplane crash in Tennessee.

The insurance company had issued an accidental death insurance policy covering three officers of the coffee company. The policy excluded from coverage death resulting from the use of "any aircraft owned or operated by the Policyholder, unless previously consented to in writing by the Company."

The insurance company denied coverage, contending that the plane was "operated" by the coffee company. The plane had been rented or chartered from the owner at the Knoxville airport, and was piloted by an employee of the airport who previously had served as the exclusive pilot of this plane. Although the company paid for the rental of the plane and the services of the pilot separately, they did not treat the pilot as an employee.

The district court held that the foregoing exclusion clause does not apply to the flight in question; that the terms of the policy were ambiguous; that the ambiguity should be resolved in favor of the policyholder; and that the court, in its discretion, would disallow interest.

The insurance company appealed from the allowance of coverage, and the plaintiff appealed from the disallowance of interest. Counsel for the insurance company conceded by briefs and oral argument that in the event the company is liable, the allowance of interest should follow as a matter of law and would not be a matter within the discretion of the trial judge.

Except as to the issue of the allowance of interest, the judgment of the district court should be affirmed for the reasons stated and upon the authorities set forth in the opinion of the district judge. 251 F.Supp. 125.

Turning now to the interest issue, the record shows that plaintiffs furnished proof of loss on January 8, 1965, in accordance with the terms of the policy. The policy provides that no action shall be brought prior to the expiration of sixty days after written proof of loss has been furnished. This sixty day clause is in accord with T.C.A. § 56–1105. From the record it appears that the sixty-day period would have expired on March 9, 1965. Since we agree with the district court that the insurance company is liable for $100,000 under the terms of the policy, we hold that it also is liable to plaintiffs for interest from March 9, 1965. T.C.A. § 47–14–107; Peoples Bank and Trust Co. v. United States Fidelity and Guaranty Co., 156 Tenn. 517, 3 S.W.2d 163; Knights of Pythias v. Allen, 104 Tenn. 623, 58 S.W. 241.

The judgment of the district court is modified so as to allow plaintiffs to recover interest at six per cent on $100,000 from March 9, 1965. In all other respects the judgment of the district court is affirmed.