Jean C. POTTS, Widow and beneficiary
of John F. Potts, deceased, Plaintiff-
Appellant,

v.

CONTINENTAL CASUALTY COMPA-
NY, an Illinois corporation,
Defendant-Appellee.

No. 25715.

United States Court of Appeals,
Ninth Circuit.

Dec. 20, 1971.

B. Michael Dann (argued), of Streich,
Lang, Weeks, Cardon & French, and

Burch, Cracchiolo, Levie & Guyer, Phoenix, Ariz., for plaintiff-appellant.

Charles R. Esser (argued), of Jennings, Strouss, Salmon & Trask, Phoenix, Ariz., for defendant-appellee.

Before DUNIWAY and ELY, Circuit Judges, and CROCKER, District Judge.*

DUNIWAY, Circuit Judge:

In this diversity case, to which Arizona law applies, there is but one question. Was the death of appellant's husband, which occurred in an airplane crash, a "loss, . . . resulting from . . . flying in any aircraft . . . operated by the employer"? If so, the loss was excluded from coverage. The trial court held that the airplane was "operated" by the employer, and gave judgment for appellee. We affirm.

The decedent, Potts, was employed by the Salvation Army. The airplane was leased by the Army for the purpose of transporting some of its personnel, including Potts, to a camp operated by the Army, where the crash occurred. The lease was for a two-hour round trip to and from the camp. The airplane was piloted by one Wycoff, a full-time employee of the Army. He had a non-commercial pilot's license, and had piloted airplanes for the Army on other occasions. This, however, was not his regular job. The Army had no interest in the airplane other than the brief lease; it was owned and maintained by another company, from which it was leased.

■ Appellant relies on the doctrine that an ambiguity in an insurance policy is to be construed against the insurer, particularly when an exclusionary clause is to be construed. (State Farm Mut. Auto. Ins. Co. v. Thompson, 9 Cir., 1967, 372 F.2d 256, 258). However, it is also the law that words in an insurance policy are to be given the "meaning which they ordinarily would have in order to effectuate the purpose of the exclusion." (*Id.* at 258.) see also D.M.A.F.B. Fed-

eral Credit Union v. Employers Mut. L. Ins. Co. of Wis., 1964, 96 Ariz. 399, 396 P.2d 20, 23.

The reason for the particular exclusion with which we are concerned has been stated to be

"That the risks in the use of private airplanes which are operated by companies are greater because pilots will take chances to please the officials of the company who desire to make business trips—chances that would not be taken by commercial airlines or independent agencies which operate charter flights."

Goodson v. American Home Assurance Company, E.D.Tenn., 1966, 251 F.Supp. 125, 130, modified and affirmed for the reasons stated in the opinion of the district judge, 6 Cir., 1967, 381 F.2d 6.

It is true, as appellant argues, that the verb to operate has many meanings. It can be either intransitive or transitive, and dictionaries give a number of definitions of each form. In 67 C.J.S. 502–503, a large number of judicial definitions are assembled. As the Supreme Court said in State Farm Mut. Auto. Ins. Co. v. Coughran, 1938, 303 U.S. 485, 491, 58 S.Ct. 670, 672, 82 L.Ed. 970:

"The word 'operate' has varying meanings according to the context. Webster's New International Dictionary. One may operate singly with his own hands, or jointly with another, or through one or more agents."

There, the question was the meaning of the word "operated" in relation to a motor vehicle. The Supreme Court held that it could refer to the owner's wife, who was riding in and in charge of but not driving the vehicle, and also to a 13 year old girl, who was actually driving under the wife's direction. Under the policy language, operation by the wife was not excluded; operation by the minor, who could not lawfully drive, was excluded. The Court, reversing this court (92 F.2d 239), held that the auto-

---

* Honorable M. D. Crocker, United States District Judge, Eastern District of California, sitting by designation.

mobile was being operated by the minor "within fair intendment of the policy". It went on to say that, if there was joint operation by the wife and the minor, as the trial court found, the exclusion still applied.

■ Here, appellant argues that "to operate" can be defined as "to manage and put or keep in operation," a phrase which, she claims, is applicable to the company that owned the plane, maintained and repaired it, and leased it to the Army, but that requires a continuous responsibility for and management of the airplane such that it cannot apply to the Army, which briefly leased it and whose employee piloted it. The argument proves too much. The word "operated" may include both the owner-lessor of the plane and the Army and its pilot. At the very least, taken in context, and considering the purpose of the exclusion, we think that it plainly includes the Army and its pilot. This seems also to have been the view of the court in *Goodson, supra*, where the same exclusion was held not applicable, but only because the pilot came with the leased plane and was not an employee of the lessee. Here, it is undisputed that the pilot was an employee of the Army. If we were to adopt appellant's definition, we do not think that the conclusion that appellant draws from it is required. It can fairly be said, we think, that during the period of the lease, the Army did "manage and put or keep [the airplane] in operation." If the word "operated" also includes the lessor, a question we need not decide, there would still be joint operation, and as in State Farm Mut. Auto. Ins. Co. v. Coughran, *supra*, the exclusion would apply.

We decline to be "Blind guides, which strain at a gnat, and swallow a camel," (Matthew, XXIII, 24) in order to fasten liability upon an insurance company when its policy plainly excludes that liability.

Affirmed.