STATE OF MISSOURI, Respondent, v. DELLA V. HORN, Appellant.

**St. Louis Court of Appeals, January 16, 1900.**

1. **Criminal Law**: BAWDY HOUSE: KEEPER OF BAWDY HOUSE: INSTRUCTIONS.  An instruction properly declares the law which states that a "bawdy house, or brothel, is a house of ill fame, kept for the resort and commerce of lewd people of both sexes.

2. ———: ———: KEEPER OF BAWDY HOUSE. The keeper of
a bawdy house or brothel, is a person who acts as master or mis-
tress or has the care, use or management of any house or building
in which a bawdy house or brothel is kept and maintained with his
or her knowledge or assistance.

'Appeal from the Shelby Circuit Court.—*Hon. Andrew
Ellison*, Judge.

AFFIRMED.

*W. H. Sears* and *J. H. Whitecolton* for appellant.

(1) The court erred in admitting evidence over objection
of appellant. Birdie Horn, Olga Horn and Minnie Copen-
haver being daughters of appellant, Della V. Horn, had a
lawful right to be at the home of their mother, and the
question of whether their reputation was good or bad as to
virtue and chastity would be immaterial in this case. State v.
Dudley, 56 Mo. App. 540; State v. Barnoid, 64 Mo. 260.
(2) The court erred in refusing defendant's instruction in
the nature of a demurrer to the evidence for the reason that
the evidence tends to show that said Birdie Horn, Olga Horn
and Minnie Copenhaver were the daughters of appellant,
and were legally and rightfully at the home of their mother,
and only temporarily so on a visit, and there being no other
evidence of the occupancy of said premises by anyone for
the purpose charged in the information, there was a total
failure of any substantial evidence in the cause to rest a con-
viction. State v. Duncan, 64 Mo. 260. (3) The court
erred in giving instruction number 2, for the reason that
said instruction does not define a bawdy house or brothel, it
being too broad in its provisions as laid down by all the au-
thorities, and being therefore to the prejudice of the appel-
lant. 1 Bishop Crim. Law [6 Ed.], sec. 1083, p. 614;
Black's Law, Dict., p. 124. (4) The court also erred in

giving instruction 3, for the reason that instruction number 3 does not legally and properly define the keeper of a bawdy house, nor properly qualify the same on the question of management and control. Bishop Crim. Law [6 Ed.], sec. 1085, p. 615; State v. Bean, 21 Mo. 267.

*R. A. Cleek* and *G. W. Humphrey* for respondent.

(1) The trial court did not commit error in admitting evidence touching the reputation of the daughters of appellant and the reputation of parties frequenting appellant's house. The court said in the State of Missouri v. Anna J. Clementine, 14 Mo. 114, that testimony respecting the character of the women who lived and were lodged in her house as well as testimony respecting the character and behavior of the men who frequented the house was admissible. This has been the law of this state for over forty years. Kelley's Criminal Law [2 Ed.], sec. 956, p. 662. The fact that the inmates of the house were the daughters of appellant certainly does not make inquiry as to their reputation inadmissible. If this were true, a mother with her natural or adopted daughters could run a bawdy house in defiance of the law. It is said in State v. Clementine, 14 Mo. 112, that inquiry could properly be made as to the reputation of the women who lived in or were lodged in the house. It is not a question of the right of the inmates to be in the house, but of their demeanor while there. (2) The testimony clearly shows that the appellant was the mistress or keeper of the house, as defined by section 3817, Revised Statutes 1889, and State v. John and Catharine Bentz, 11 Mo. 27; Kelley's Criminal Law [2 Ed.], sec. 956.

BOND, J.—The defendant was charged and convicted as the keeper of a bawdy house. She appealed to this court.

The first error assigned is the reception of evidence tending to show the unchastity of three daughters of the defendant, who were residing in the house. This objection is not tenable. The fact that the inmates of a dwelling house are prostitutes tends to prove it to be a bawdy house, and its character as such must be shown in prosecutions like the present. State v. Barnoid, 64 Mo. 260; State v. Dudley, 56 Mo. App. loc. cit. 453. The fact that the inmates were the daughters of the keeper and on account of that relation were entitled to remain in the house, did not authorize them to turn it into a brothel, nor destroy the inferential effect of their lewd conduct as tending to show the character of the house.

The next error assigned is the refusal of the court to sustain a demurrer to the evidence. This objection is predicated upon the theory that with the evidence as to the lewd character of the inmates eliminated, there was not enough left to sustain a conviction. This assignment can not be sustained for the reason that, as has been shown, the evidence in question was clearly competent.

It is next complained that the court did not in its instructions properly define a bawdy house nor its keeper. As to these points the court gave the following instructions:

2. "The court instructs the jury that a bawdy house, or brothel, is a house of ill fame, kept for the resort and commerce of lewd people of both sexes."

3. "The keeper of a bawdy house or brothel is a person who acts as master or mistress or has the care, use or management of any house or building in which a bawdy house or brothel is kept and maintained with his or her knowledge and assistance."

The foregoing instructions accurately state the law both as to what constitutes a bawdy house and its keeper. Bishop on Crim. Law, sec. 1082; Bouvier's Law Dictionary; Harwood v. People, 84 American Decisions, 175; R. S. 1889,

secs. 3811 and 3817.   Hence there is no merit in these assignments of error.

An examination of the instructions in this case discloses that all the instructions requested by defendant were given, and that there was no error in those given for the plaintiff, and that the latter were supported by the evidence.   The verdict is therefore conclusive upon us, and the judgment thereon is affirmed.   All concur.