## STATE OF MISSOURI, Respondent, v. BESSIE HOELCHER, Appellant.

### St. Louis Court of Appeals, February 6, 1912.

1. **BAWDY HOUSES: Evidence.** Proof of specific acts of bawdry is not essential to sustain a conviction for keeping a bawdy house, but evidence that the inmates of the house were prostitutes strongly conduces to show it was a bawdy house, and, with evidence of slight additional circumstances, will be sufficient to sustain a conviction.

2. ———: ———: **Sufficiency of Evidence.** In a prosecution of a married woman for keeping a bawdy house, evidence tending to show- the lewd character of the women who visited and stayed at the house, that men frequently visited it, that defendant had avowed her purpose to run a bawdy house there, and later confessed she was doing so and asserted she would continue to do so, was sufficient to sustain a conviction.

3. ———: **Husband and Wife: Husband as Keeper: Rebuttable Presumption.** The presumption that a bawdy house occupied by a husband and wife is under his control is one of easy rebuttal.

4. ———: ———: ———: ———: **Sufficiency of Evidence.** In a prosecution of a married woman for keeping a bawdy house, evidence that defendant had confessed that she was running such a house and that her husband spent most of his time at another residence was sufficient to justify a finding against the presumption invoked by defendant, that her husband was the keeper of the house, especially in view of the fact that there was no evidence tending to show actual control, direction, participation or coercion on his part.

Appeal from Hannibal Court of Common Pleas.—*Hon. David H. Eby,* Judge.

AFFIRMED.

*Charles E. Rendlen* for appellant.

(1) Where husband and wife live together, he is presumed to be the head of the family, and regardless of ownership he is presumed to be liable for an unlawful use of the house, and to render her liable, it must appear that she was active in giving such permission, and in failing to prevent such use. McLain on Criminal Law, sec. 148. The presumption of the husband's control and responsibility for the conduct of the home is not overturned by the testimony, the law requires it should be overcome. The state has seen fit not to charge the responsible head severally, or with his wife. (2) A woman of bad reputation for chastity occupied the house, where men frequented, but the house was a quiet and orderly place, and no act of illicit intercourse was shown to have occurred there. *Held,* this was insufficient to sustain a conviction for keeping a disorderly house. Ramey v. State, 45 S. W. 489, 39 Tex. Cr. R. 200. The demurrer to the evidence should have been sustained. There is not sufficient evidence to support a conviction and the judgment should be reversed.

*E. W. Nelson* for respondent.

Statement.—The defendant was charged and convicted as the keeper of a common bawdy house. [R. S. 1909, Sec. 4754.] She appealed to this court. The evidence tends to prove the following facts: The defendant lived in a house-boat on the river bank in the city of Hannibal; she was married and her husband lived with her in the house-boat, though most of the time he stayed out on a farm, which he owned or worked. Defendant called upon the mayor and city marshal and asked leave to run the house-boat as a bawdy house, and leave being refused, defiantly asserted that she would do it any way. Women having

the reputation of being prostitutes visited and stayed at the house-boat, and men visited there frequently, sometimes as many as eight or ten at one time. A police officer, calling to investigate, was met by the defendant and told by her that the marshal had not treated her right; that she had gone to see him and she did not know why he kept sending the police there for her all the time; that she had offered him money the same as the other women who had paid fines, and he had refused to take her money; that she was going to keep her house there in spite of him. The defendant offered no evidence.

CAULFIELD, J. (after stating the facts).—The defendant assigns as error the action of the trial court in refusing to sustain a demurrer to the evidence. This objection is predicated upon the theory that the evidence was insufficient to establish either the character of the house as charged, or that the defendant was the keeper. We are of the opinion that the demurrer was properly overruled. Evidence to establish the character of a bawdy house must in most cases be inferential from the nature of the case. [State v. Dudley, 56 Mo. App. 450.] Evidence that the inmates of the house were prostitutes strongly conduces to show that it was a bawdy house (State v. Barnard, 64 Mo. 260; State v. Horn, 83 Mo. App. 47; State v. Price, 115 Mo. App. 656, 92 S. W. 174); and with evidence of slight additional circumstances it will be sufficient to sustain a conviction. [State v. Horn, 83 Mo. App. 47; Ramey v. State, 39 Tex. Cr. R. 200, 45 S. W. 489.] Specific acts of bawdry in the house need not be shown. [2 Bishop's New Crim. Proc. (4 Ed.), sec. 115.] Here the evidence not only tends to show the lewd character of the women who visited and stayed at the house-boat and the frequent visits of men, but that the defendant had avowed to the marshal her purpose to run the place as a bawdy

house and later practically confessed to the police officer that she was doing so, and asserted she would continue to do so. This we deem sufficient to establish not only the character of the house as a bawdy house but that she was the keeper of it.

It may be accepted, as defendant contends, that where the husband lives in the house with his wife, he, and not she, is presumed to be in control of it and liable for its unlawful use, though as to this particular offense there is respectable authority to the contrary. [1 McLain on Crim. Law, Sec. 148.] But we regard this presumption as being in the same category as is the presumption that that which the wife does in her husband's presence, she does because of his coercion, and like it to be held to be only prima facie and rebuttable. [See State v. Ma Foo, 110 Mo. 7; State v. Baker, 19 S. W. 222.] Such a presumption is said to be regarded in most of the later cases as something to be easily rebutted, "especially in that numerous class of cases which relate to the illegal sale of liquors, a business in which married women frequently engage understandingly." [Schouler's Domestic Relations (5 Ed.), Sec. 50.] This theory of easy rebuttal should also be held especially applicable to cases like the present one, "for," says another learned writer, ' 'this is an offense as to the government of the house in which the wife has a principal share; and also such an offense as may generally be presumed to be managed by the intrigues of the sex." [1 Russell on Crimes, p. 151.] Now in this case, in the absence of any evidence tending to show actual control, direction, participation or coercion on the part of the husband, we are of the opinion that the confession and defiant declarations of the defendant to the marshal and the police officer, together with the fact that the husband did not spend all of his time at the house-boat and did in fact spend most of it at another residence, were facts sufficient to justify the jury in finding against

the presumption invoked by the defendant. [As to this, see Commonwealth v. Tryon, 99 Mass. 442.]

We have carefully examined the instructions and find that those given covered the whole law of the case and embraced all that was necessary for the jury to know in order to a proper discharge of their duties when considering their verdict.

The judgment is affirmed. *Reynolds, P. J.,* and *Nortoni, J.,* concur.