## CITY OF COLUMBIA, Respondent, y. NETTIE STOUT, Appellant.

**Kansas City Court of Appeals, June 1, 1914.**

BAWDY HOUSE: Evidence: Reputation. Evidence that the defendant said she was running a house where she kept five girls, the reputation of the house and the girls being shown to be immoral, is sufficient to sustain a verdict of guilty of keeping a bawdyhouse.

Appeal from Boone Circuit Court.—*Hon. D. H. Harris,* Judge.

AFFIRMED.

*J. L. Stephens* for appellant.

(1) The court erred in refusing defendant's peremptory instruction, because there was no evidence on which to base the verdict rendered. State v. Gordon, 199 Mo. 561; State v. Lockhart, 188 Mo. 427. (2) At

the close of the evidence the court erred in failing to direct a verdict of acquittal, there being an entire failure of proof of defendant's guilt under the information. State v. DeWitt, 191 Mo. 51, 90 S. W. 77. (3) The court erred in refusing defendant a new trial. Where the verdict is wholly unsupported by the evidence, it is error for the court to refuse defendant a new trial. State v. Hunt, 91 Mo. 390, 3 S. W. 858; State v. Young, 119 Mo. 495, 24 S. W. 1038. (4) The court erred in allowing proof of the reputation of the house. State v. Bean, 21 Mo. 267.

*W. M. Dinwiddie* for respondent.

The court committed no error in refusing defendant's peremptory instruction, because there was substantial evidence upon which to base a verdict of guilty. It is a well-settled law in Missouri, as well as general, that where there is substantial evidence showing the guilt of the defendant the courts should refuse such an instruction and submit the issues of fact to the jury. Sec. 5212, R. S. 1909; State v. Warner, 74 Mo. 83; State v. Bayne, 88 Mo. 604; State v. Eaton, 166 Mo. 565; State v. Armstrong, 167 Mo. 257; State v. Pollard, 174 Mo. 607; State v. Fonester, 63 Mo. App. 530; State v. Spence, 87 Mo. App. 577; State v. Fulkerson, 97 Mo. App. 599.

ELLISON, P. J.—Defendant was convicted for keeping a bawdyhouse contrary to the ordinace of the city of Columbia.

There were two witnesses for the prosecution (the marshal and his deputy) and none for the defense. The marshal asked the defendant "who was running that house at that time and she said she was running it. . . . And she said she had five girls," and gave their names to the officer. It was further shown that the reputation of these girls and the house where they

were being kept, was immoral. This was sufficient to sustain the verdict. Though not the same evidence, this is said to be a companion case to State v. Stout, (not yet reported) 162 S. W. Rep. 1064. The judgment is affirmed. All concur.