THE STATE OF MISSOURI, at Relation of JOSEPH JUNGMEYER, Appellant, v. JOHN K. HUNTER et al., Respondents.

Kansas City Court of Appeals, January 28, 1918.

CONSOLIDATED SCHOOL DISTRICTS: Maintenance of Elementary Schools: Meaning of Words in Statute. In mandamus to compel

the directors of a consolidated school district to maintain an elementary school "within two and one-half miles by the nearest traveled road of the home of every child of school age within said school district," as provided in Act of March 14, 1913, Laws 1913, pp. 721, 725, where the return alleged that "relator does not live upon a highway," that an elementary school was maintained which was within the statutory distance from where the relator's children reached the highway; a demurrer to the return, which confesses the facts properly pleaded therein, was properly overruled. The statute does not mean that a schoolhouse must be maintained within two and one-half miles of any child's home, but only that the schoolhouse must not be more than that distance from the point where access to the public road is had. The fact that children do not live upon a highway but must go some distance to get to it is not a matter of consequence. That is merely their misfortune or inconvenience.

Appeal from Pettis Circuit Court.—*Hon. H. B. Shain,* Judge.

AFFIRMED.

*Calfee & Westhues* for appellant.

*Irwin & Haley* for respondents.

TRIMBLE, J.—Respondents are the directors of Consolidated School District No. 1 of Cole County organized under the act of March 14, 1913, Laws of 1913, pp. 721-725, relating to consolidated schools. Said Act provides that in voting upon the question of consolidation the question of the transportation of pupils to and from the schoolhouse may be voted on. Section 4 of said Act provides that: "If transportation is not provided for in any school district formed under the provisions of this Act, it shall then be the duty of the board of directors to maintain an elementary school within two and one-half miles by the nearest traveled road of the home of every child of school age within said school district."

The question of transportation of children was not considered nor voted upon in the organization of said district, and relator brought this proceeding in mandamus against said directors to compel them to maintain an

elementary school within two and one-half miles by the nearest traveled road of the home of the said children.

The respondent directors filed a return setting up a great many facts some of which will be stated later. To this return relator demurred but the demurrer was overruled. Thereupon relator stood on his demurrer and appealed.

The conceded facts are that upon the formation of the consolidated school district and the erection of a high school for said district, the directors also selected a site and erected thereon a new, commodious and up-to-date elementary school building and established therin an elementary school for relator's children; that said elementary school is more than two and one-half miles distant from their home, 'being two and seventy-one one hundredths miles distant therefrom, if the public highway is used in getting to it. And the contention around which the suit revolves grows out of and is determined by, what is meant by the Legislature when it enacted that it should be the duty of the board of directors to "maintain an elementary school within two and one-half miles by the nearest traveled road of the home of every child of school age in said school district."

We do not think it is necessary for us to go into any question of what is meant by the phrase "traveled road" or to determine whether the term "road" must mean only the established county road or highway used by the traveling public generally, or whether it may be deemed to include a right of way granted in writing by the owners of intermediate lands to relator's chldren as a perpetual easement maintained for their use and accommodation and affording them a short and expeditious route to school of less than two and one-half miles in length. Among the facts set up in the return it is stated that such a way or easement has been created for them and that the said children have heretofore used and will continue to use such way in getting to school. And the contest between the litigants seems to have revolved entirely around the question whether such a route could be said to come within the meaning of the phrase "traveled

road'' as used by the Legislature. But, in this case, as stated, we do not have to decide this contest one way or the other but can base our decision entirely upon other grounds.

The facts alleged in the return are by the demurrer confessed, or rather, in passing on the demurrer, every fact well pleaded therein is taken to be true. Now, it is alleged in the return that ''relator does not live upon a public highway'' and also that in order for the children ''to reach a public highway it is necessary for said children to travel through fields adjoining the home of relator before reaching said public highway'' and that ''the distance from where said children reach or intersect a public highway to the site of said building is less than two and one-half miles even by, the public road,'' etc.

So that, according to the return, the facts of which the demurrer admits, when the children arrive upon the public highway they are then within two and one-half miles of said schoolhouse by said road. Now, the fact that the children do not live upon the highway but must go some distance to get to it is not a matter of consequence. That is merely their misfortune or inconvenience. The Act does not require that the schoolhouse must be within two and one-half miles of every child's home. All that is meant is that the schoolhouse shall not be more than that distance from the point where access to the road is had. Any other construction would render the law unreasonable, oppressive, and in many districts impossible of being carried out.

The judgment is confirmed. All concur.