CLIFFORD SCHORLING v. UNITED STATES FIDELITY & GUARANTY COMPANY, A CORPORATION.—188 S. W. (2d) 369.

Kansas City Court of Appeals.   May 21, 1945.

432

*Casemore & Berman* for appellant.

*John F. Cell* of counsel.

*Paul G. Koontz, William H. Howery* and *Warrick, Koontz & Hazard* for respondent.

SPERRY, C.—Clifford Schorling sued United States Fidelity and Guaranty Company on an accident insurance policy. Trial was to the court and judgment was for defendant. Plaintiff appeals.

The policy insured plaintiff against injuries received while "operating, driving, riding in, adjusting (including changing tires), repairing or cranking a private passenger automobile." Plaintiff contends that he was injured while "operating" his automobile and defendant maintains the contrary.

The facts in evidence are few and are not in dispute. Plaintiff and his wife had been shopping in downtown Kansas City. Upon finishing their shopping they returned to the garage and parking station where plaintiff's passenger automobile was parked. They were accompanied by a store attendant who carried two large packages, one of them containing two or three chrome chairs, several other packages, and he had a chrome chair under his arm. The automobile was parked headed west. Plaintiff and the attendant approached from the left side and plaintiff opened the left rear door so that the attendant could place the packages in the car. After opening the left rear door for the attendant plaintiff intended to open the left front door and get into the driver's seat. However, the left rear door opened from front to rear and the attendant, with the large packages, together with the opened door, blocked plaintiff's intended entry of the car from the left side. He, therefore, turned and walked to the east, toward the rear of the automobile, intending to go around the rear of the car, thence to the front door on the right-hand side, and enter the automobile from the right, at the driver's seat. He intended to enter and immediately drive to his home. While walking around the rear of the automobile he fell off of a retaining wall into an alley, and was injured. If plaintiff was engaged in "operating" his automobile at the time he was injured he is entitled to recover; if he was not so engaged then the judgment should be affirmed.

The provisions of the policy must be liberally construed in favor of insured so as not to defeat, without a plain necessity, his claim to indemnity; and when words used therein are susceptible of two interpretations, one of which will sustain and the other defeat the claim, that which will sustain insured's claim must be adopted. [Schmidt v. Utilities Insurance Company, 182 S. W. (2d) 181, l. c. 183.]

The decision in this case turns on the meaning of the word "operating" as used in the policy. Some courts have defined the term, when used in insurance policies covering accidental injuries received "while operating" a motor vehicle, as meaning the actual mechanical movement of the automobile. [Underwood v. State (Ala.), 132 So. 606; State v. Hatcher, 185 S. E. 435, l. c. 436, 210 N. C. 55.]

However, it appears that such a narrow construction of the term is not favored by a majority of the courts. In Blashfield Cyclopedia of Automobile Law and Practice, Vol. 6, pages 378, 379, it is said:

"Policies insuring against injuries through accidental means sustained while operating, demonstrating, repairing, adjusting, or cranking a car afford coverage as to any injury which may reasonably be expected to arise from doing any of the things named in the policy and actually occurring while doing the kind of work thus described.

"So 'operating' an automobile within such a policy does not contemplate a constant and unceasing motion but includes such stops as

an automobile driver ordinarily makes in the course of its operation, and the moments of the rest are as much the operation of the car as those of progress, within the meaning of the policy.

"An automobilist who had stopped his automobile for the necessary purpose of changing or mending a tire, and is employed in such work with the customary tools, and in the usual manner, is engaged in the operation of the car.

"So, one who sustains injuries from the skidding of an automobile which he is pushing, to assist a wrecker car, is 'operating' the car within the policy."

For a rather full discussion of cases involving facts somewhat analogous to those obtaining in the case at bar see 76 A. L. R. 1311, "Annotation."

Plaintiff relies heavily on Southern Surety Company v. Davidson, (Tex.), 280 S. W. 336. In the course of its opinion the court said, l. c. 337:

"The operation of an automobile necessarily implies doing all that is necessary to be done to successfully move the same from place to place. It must necessarily be entered, and upon reaching his destination the operator must alight to the ground within a reasonable time after his arrival."

In that case plaintiff was injured while alighting from an automobile immediately after he had brought it to a stop. The court quoted with approval 2 May on Insurance, Section 524, as follows:

"A person may be said to be travelling in a carriage while alighting therefrom, until he has completely disconnected himself and landed."

This court applied the rule declared in the above quoted text in Schmohl v. Travelers' Insurance Company, 189 S. W. 597; but the Supreme Court held, in Turner v. Fidelity & Casualty Company, 274 Mo. 260, l. c. 268, that the rule was applicable, in a passenger injury case, only after the passenger had connected with the vehicle and before he had disconnected himself therefrom.

Apparently the court, in the Davidson case, extended the above rule to the "operation" of a motor vehicle, and held that one who is "operating" an automobile is still so engaged until he has completely disengaged himself from the automobile. It also strongly intimated that if plaintiff, in that case, had been injured while entering the automobile, for the purpose of driving it, he would have been entitled to recover. It is not authority, however, for our holding that plaintiff, in the case at bar, was operating an automobile at the time he was injured. Here, plaintiff was neither in the act of entering nor of leaving, neither of connecting himself with nor of disconnecting himself from, the motor vehicle. True, he intended immediately to connect himself with the vehicle for the purpose of operating it; but he had not done so, nor had he reached a point

where he could do so. No case has been cited, nor have we found any, wherein it has been adjudged that an insured was "operating" an automobile before he ever laid hands on it, or attempted to do so, with intent to enter it or to set it in motion. For this court to declare that plaintiff was "operating" his automobile when he was injured, under the undisputed facts in evidence, would be for us to authorize recovery for injuries received while *approaching* an automobile with intent to operate the same. With equally good logic could it be said that defendant would have been liable on its contract had plaintiff received his injuries while he and the attendant were approaching the automobile and *before* the rear door was opened for the purpose of placing the packages therein; or at the moment when plaintiff first entered the parking lot with the intention of immediately entering his car to drive home. We are not called upon to state under what conditions liability might attach, but only to decide whether or not it attaches in this case. Under no reasonable theory of construction can it be said that plaintiff was "operating" an automobile under the facts in evidence.

The judgment should be affirmed. *Boyer, C.,* concurs.

PER CURIAM:—The foregoing opinion of SPERRY, C., is adopted as the opinion of the court. The judgment is affirmed. All concur.