**Lester C. BEASLEY, Plaintiff-Appellant,**

**v.**

**Doctor Earl L. HULL, Defendant-Respondent.**

**No. 32263.**

St. Louis Court of Appeals.

Missouri.

Feb. 15, 1966.

Frank Mashak, St. Louis, for plaintiff-appellant.

Anderson, Gilbert, Wolfort, Allen & Bierman, St. Louis, for defendant-respondent.

BRADY, Commissioner.

Plaintiff brought an action seeking recovery of $250.00 which he had previously paid to the defendant for a set of false teeth. Trial in the magistrate court resulted in a judgment for plaintiff in the sum of $250.00 and costs. On appeal to the circuit court a jury was waived and the court entered judgment in favor of the defendant. Plaintiff appeals.

The facts in the case, insofar as they need to be set out in this opinion, show that the plaintiff had been without teeth for a number of years prior to the time he first went to the defendant and asked to have a set of false teeth made. There was some disagreement between the parties as to the exact nature of the defendant's undertaking. It was the plaintiff's contention that the defendant's agreement was to fit him with a set of teeth and that the defendant told him that he would wear the teeth. On the other hand, the defendant's testimony was that he told plaintiff that he would do all that he possibly could to see that defendant could wear the teeth which he was to make for him. The defendant took the necessary impressions of plaintiff's upper and lower gums and a set of teeth was manufactured and first delivered to plaintiff on July 13, 1962. There never was any complaint about the upper set of teeth but the defendant contended that the lower set never fit him. The evidence was that after delivery of the teeth on the 13th of July the plaintiff returned on numerous occasions, complained that he could not wear the teeth as they did not fit and made his gums sore. These visits began on the 14th of July and the evidence was that the plaintiff returned and adjustments were made in the teeth on that day and on the 16th, 19th, 23rd, 27th and 30th of that month, on August 2nd, 3rd, 7th, 10th, 13th, 17th, 20th, 24th, and 28th, and on September 6th and 20th. On these occasions the teeth were ground in an attempt to relieve the soreness of which the plaintiff complained and the defendant also prescribed the use of an adhesive powder which would make the lowers fit better. The defendant then came to the conclusion that the teeth did fit the plaintiff, "* * * and that he was getting very good satisfaction out of them." The plaintiff was still dissatisfied and contacted his attorney who wrote a letter to the defendant. Thereafter, the defendant saw the plaintiff again on November 2 when he relined the teeth and he saw the defendant to make adjustments on the 6th, 9th, 13th, 19th, and 26th of that same month and on the 20th of December. He relined the teeth a second time on the visit of the 19th of November.

At the trial in the circuit court the plaintiff's complaint was that the teeth "* * * didn't fit me, they were too large." Plaintiff later admitted, however, that defendant's efforts in adjusting and relining the teeth had "[m]ade them so they had to fit, yes, if I'd use enough powder and keep buying enough powder to fit them." The defendant's testimony was that the fact that plaintiff had his teeth removed about seven years prior to his first visit caused him to have more difficulty in becoming used to wearing false teeth. Defendant contended that the teeth did fit.

There was no request for specific findings of fact and none were made. The plaintiff raises two allegations of prejudicial error. He first contends the trial court's judgment was against the greater weight of the credible evidence and that we should enter our judgment in his favor. He also contends "[t]he trial court erroneously restricted and excluded competent material evidence." He does not specifically point out what evidence he contends was erroneously excluded. Such an assignment of error is insufficient to preserve anything for our review. Civil Rule 83.05, (e), V.A.M.R.; Bayer v. American Mutual Cas. Co., Mo., 359 S.W.2d 748; Jennings v. Jennings, Mo.App., 379 S.W.2d 159.

The rules governing our review of jury waived cases are set forth in § 510.310, subd. 4, RSMo 1959, V.A.M.S. The specific portion of those rules governing the instant case is that which adjures us to give due regard to the opportunity of the trial court to judge the credibility of the witnesses and not to set aside the trial court's judgment unless it is clearly erroneous. What is here involved is a simple question of whom to believe. The plaintiff contends the teeth did not fit although he modified that statement later by stating they were made to fit if he kept "* * * buying enough powder to fit them." The defendant contended the teeth did fit and that plaintiff's trouble with them arose from the fact he had been without teeth for a number of years. As stated earlier there was no request for specific findings and none were made. It follows that all findings are to be deemed to have been made in accordance with the result reached. Mayo v. Lasater, Mo.App., 312 S.W.2d 601. By its general finding for the defendant the trial court is held to have resolved all issues of fact in his favor. Glaze v. Glaze, Mo. App., 311 S.W.2d 575. It follows that the trial court must be deemed to have found the teeth did in fact fit. Having due regard for the trial court's opportunity to judge the credibility of the witnesses and keeping in mind the plaintiff's own admission the teeth did fit when he used the prescribed powder, we cannot hold the trial court's finding the teeth did fit was so against the greater weight of the credible evidence as to require this court to hold the judgment clearly erroneous. The judgment should be affirmed.

PER CURIAM:

The foregoing opinion by BRADY, C., is adopted as the opinion of this court. The judgment is affirmed.

WOLFE, P. J., and RUDDY, J., concurs.