**CITY OF ST. LOUIS, Plaintiff-Respondent,**

**v.**

**Joyce COOK, Defendant-Appellant.**

**CITY OF ST. LOUIS, Plaintiff-Respondent,**

**v.**

**Joanne V. LONG, Defendant-Appellant.**

**CITY OF ST. LOUIS, Plaintiff-Respondent,**

**v.**

**June A. CARTER, Defendant-Appellant.**

**Nos. 31047–31051.**

St. Louis Court of Appeals.

Missouri.

July 19, 1966.

James J. Rankin, St. Louis, for defendant-appellant.

Thomas F. McGuire, City Counselor, Thomas J. Neenan, Eugene P. Freeman, Associate City Counselors, Harry J. Dodson, Asst. City Counselor, St. Louis, for plaintiff-respondent.

LACKLAND H. BLOOM, Special Judge.

Appellants appeal from separate judgments entered against them in the St. Louis Court of Criminal Correction. By leave of this Court the separate appeals have been consolidated and the parties have filed one transcript of the record.

Oral argument was waived and the appeals were submitted to this Court upon the transcript, exhibits and briefs.

Appellants Cook and Carter were charged in the City Court of the City of St. Louis on information with violating Chapter 46, § 58, being parts of Ordinance 44886 of the City of St. Louis in that they were alleged to be inmates of a bawdy house, and appellant Long was charged to be in violation of § 57 of said chapter in that it was alleged that she unlawfully did keep, maintain or manage a bawdy house. Upon conviction in the City Court the appellants appealed to the Court of Criminal Correction and were afforded a trial de novo before the Court without a jury. In the Court of Criminal Correction appellant Joyce Cook was found guilty on two separate charges of being an inmate of a bawdy house and assessed a fine of $100 and costs on each charge. Appellant June A. Carter was found guilty on one charge of being an inmate of a bawdy house and assessed a

fine of $100 and costs. Appellant Joanne V. Long was found guilty of being the keeper of a bawdy house on two separate charges and assessed a fine of $500 and costs on each charge. Upon appellants' motions for new trial being overruled appeals from the convictions were duly taken to this Court.

The cases were tried together in the Court of Criminal Correction. Frank Wisa, a policeman attached to the St. Louis Metropolitan Police Force, testified that on February 12, 1961, he arrested Joanne V. Long and Joyce Cook at 1521 North Ninth Street, St. Louis, Missouri, at 8:00 p. m. He was accompanied by another officer, Orbin Gresham. They were in civilian clothes and were admitted to the premises and told by appellant Long that only one girl was working that night and she referred to Joyce Cook, who was sitting on the divan. Wisa testified that Joyce Cook said that she would take care of him, go to bed, or take care of both of them one at a time. Shortly thereafter someone knocked on the door and the girls told him and Gresham to go into the middle room, that it was apparently the police who would go away if the door was not opened. Officer Wisa testified that they thereupon identified themselves as police officers and arrested them.

Charles Latham testified that he was a policeman attached to the St. Louis Police Force and that on February 15, 1961, he assisted in the arrest of Joanne V. Long, Joyce Cook and June A. Carter at 1521 North Ninth Street. He said that this was at approximately 9:30 p. m., and that he was in plain clothes accompanied by his partner, Harry Collins, who remained on the street outside the building while Latham went inside. He said that he was invited inside the building by appellant Long. June A. Carter and Joyce Cook were in the living room. Joanne V. Long was immediately inside the door. There was a conversation with the three girls and he said that Joanne V. Long asked which one of the girls was going to take care of him, and that they stated for the sum of $10 he could have

one of the girls and for $20 he could have both of them. He said that at this time his partner approached the front door and he, Latham, identified himself as a police officer, placed the subjects under arrest and admitted his partner, Collins, into the room.

Harry Collins testified that he was a policeman attached to the St. Louis Metropolitan Police Force. He testified that he had observed the premises where Joanne V. Long was arrested since October, 1960; that he was attached to the gambling, liquor and morality squad and had observed the house for about a year. He stated that he had discussed the house with other officers and that the reputation of the house among police officers was that it was a house of prostitution. He further testified that he had arrested appellant Long approximately 14 times since the previous October on charges of prostitution. He stated that he had arrested Joyce Cook twice previously and June A. Carter once and that they are known among members of the Police Department as prostitutes.

He testified that he had discussed the reputation of these persons with others and that one person with whom he had discussed it was present as a witness. When asked by the Court if he knew the reputation of the house, he answered, "A house of prostitution." On cross-examination Collins testified that none of the appellants had ever been convicted following any of the arrests to which he had previously referred and had clean records so far as convictions were concerned.

Mrs. Eunice Newcomb testified that she lived at 1519 North Ninth Street since November 15, 1960, and her house was next door to 1521 North Ninth Street. She stated that there was just a small gangway between their homes. She stated that she had seen the three defendants and that she had discussed the house with others and that the reputation of 1521 North Ninth Street was that it was a bawdy house. She further stated that on the other side of her house

there was a parking lot and that cars parked there at all hours of the day and night, especially night; their occupants making a litter on the lot and using vulgar language, and she had seen "them" at all hours going next door. She further testified that men had knocked at her door stating that they had been sent with the understanding that they would be taken care of at all hours of the night; that the men called for June, Joanne and Joyce and several other different names.

Grace Hyneck testified that she was the Deputy Registrar of the City of St. Louis and identified the original ordinances of the City of St. Louis which contained the laws relating to the charges with which the cases were concerned.

No evidence was offered by the appellants.

■ Under Points and Authorities in their brief appellants state only that "The Trial Court prejudicially erred in finding the defendants guilty under the evidence adduced at the trial because the said evidence was insufficient to prove the defendants guilty as charged and the Court committed error in admitting hearsay and irrelevant testimony against the defendants." That portion of the assignment in which appellants attempt to charge the trial court with error in the admission of evidence is insufficient under Supreme Court Rule 83.-05(e), V.A.M.R., to present such question here for review. Jennings v. Jennings, Mo. App., 379 S.W.2d 159. Nor is the failure to comply with the rule cured by discussion and references to the transcript contained solely in the argument. Nibler v. Coltrane, Mo., 275 S.W.2d 270. Despite the inadequacies of appellants' statement of the point to be reviewed in their brief, we have, nevertheless, in reviewing the evidence de novo noted appellants' contentions with respect to the admission of testimony as set forth in their argument. Spradlin's Market, Inc. v. Springfield Newspapers, Inc., Mo., 398 S. W.2d 859.

The issues thus raised by appellants on this appeal are:

(1) Was there sufficient competent evidence to sustain the finding that the premises at 1521 North Ninth Street was a bawdy house?

(2) If so, was there sufficient competent evidence to sustain the finding that appellant Long did on the dates in evidence "keep, maintain, superintend or manage" the said bawdy house?

(3) Was there sufficient competent evidence to sustain the finding that appellants Cook and Carter were "inmates" of said bawdy house?

■ In this jury-waived action our duty is to review the law and the evidence as in suits of an equitable nature, giving due regard to the opportunities of the trial court to judge the credibility of the witnesses. Sale v. Brown, Mo.App., 396 S.W.2d 750, 754. § 510.310, RSMo 1959, V.A.M.S. The prosecutions in these cases being for the violation of an ordinance of the City of St. Louis, they are not strictly criminal prosecutions but civil actions and the sufficiency of the evidence to sustain the judgments is to be determined by the rules applicable in civil cases. City of Cape Girardeau v. Smith, Mo.App., 61 S.W. 2d 231; City of St. Louis v. Brune Management Co., Mo.App., 391 S.W.2d 943.

As previously indicated, the charge against appellant Long is that she did unlawfully keep, maintain or manage a bawdy house, and the charge against the appellants Cook and Carter are that they were found to be inmates of a bawdy house, all in violation of the particular ordinance set forth in the information.

■ Our first task is accordingly to determine whether the evidence is sufficient to constitute the premise at 1521 North Ninth Street a bawdy house within the meaning of the law. Various definitions of a bawdy house have been set forth in the cases. In general it may be said that a

bawdy house is a house resorted to and frequented by lewd people of both sexes for the purpose of prostitution; that is, for men and women to have unlawful, illicit sexual intercourse together therein; one that is kept for the resort and commerce of lewd people of both sexes. State v. Hesselmeyer, 343 Mo. 797, 123 S.W.2d 90; State v. Seba, Mo.App., 200 S.W. 300; State v. Keithley, 142 Mo.App. 417, 127 S. W. 406; State v. Horn, 83 Mo.App. 47. It is well recognized in this state that the proof necessary to establish the character of a bawdy house must in most cases be "inferential," State v. Davis, Mo.App., 192 S.W.2d 39; State v. Bennett, Mo.App., 118 S.W.2d 1042, and that in the nature of things the evidence must be largely "circumstantial." State v. Hesselmeyer, supra. The evidence which is admissible to establish the existence of a bawdy house includes proof of the reputation of the keeper of the house as well as the inmates, State v. Flick, Mo.App., 198 S.W. 1134; that the inmates of a house bore bad reputations for morality, State v. Bennett, supra; evidence as to the reputations of persons frequenting the house, State v. Keithley, supra.

It is not essential that specific acts of bawdry or illicit intercourse in the house be shown in order to sustain a conviction. State v. Hoelcher, 163 Mo.App. 352, 143 S.W. 850; State v. Davis, supra; State v. Hesselmeyer, supra.

Applying such general principles to the facts adduced in these cases we are of the opinion that there was competent evidence to sustain the finding that the premises involved was in fact a bawdy house.

The testimony of Officers Wisa and Latham was competent to establish that on the 12th and 15th of February, 1961, there were available in said premises girls for the purpose of prostitution and that the appellants Cook and Carter were willing for a price to participate in the commerce of prostitution indiscriminately with men entering the premises.

Officer Collins testified that the house had been under observation for almost a year and that numerous arrests of inmates including the appellants had been made and that they had the reputation of being prostitutes. As previously indicated the reputation of inmates for prostitution is admissible in cases of this nature to establish the character of the house. State v. Keithley, 142 Mo.App. 417, 127 S.W. 406; City of Columbia v. Stout, 180 Mo.App. 392, 167 S.W. 1153. In the latter case a conviction was sustained upon the testimony of only two witnesses for the prosecution being the marshal and his deputy; part of the evidence being their testimony as to the reputation of the girls and of the house. Appellants contend that evidence of the arrests without showing any convictions was prejudicial to them inasmuch as the officer on cross-examination indicated that they had clean records as far as convictions were concerned. What appellants overlook is that the evidence is not being offered directly for the purpose of impeaching them or for any bearing on the question of their guilt or innocence. It was offered solely to establish the character of the house. For this purpose evidence of prior arrests of inmates or persons frequenting the house has been admitted. State v. Davis, supra. The same is true with respect to the officers' testimony as to the reputation of the inmates as prostitutes and of the house as a bawdy house. Officer Collins testified that he had discussed the house among police officers and that it had the reputation of being a house of prostitution. He was also asked whether he talked to neighbors about the reputation of the appellants and the house around the neighborhood and he testified that he had, and that he discussed the reputation with these persons and that one of the persons was present as a witness and that the reputation of the house was that of "a house of prostitution."

Mrs. Eunice Newcomb who lived next door to the premises in question testified for the prosecution. She stated that she had

lived there since November 15, 1960; that she discussed the house with others and that it had the reputation of a bawdy house. She pointed out that there is a parking lot on the side of her house and that cars parked there at all hours of the night and day, especially at night, and that their occupants made litter on the lot and used vulgar language, and that she had seen them at all hours going next door. She testified that men would knock at her door and ask for the appellants and others and that they used very indecent language when she would come to the door. Appellants object strenuously to the admission of such testimony as being hearsay and not binding on them. Here again we believe the evidence to be admissible not for the purpose of establishing the guilt of the appellants but for the purpose of laying a foundation on which the testimony of the witness as to the reputation of the house became admissible.

■ For the reasons stated we believe that the evidence was sufficient to establish the character of the premises at 1521 North Ninth Street as being that of a bawdy house.

■ We further believe that the evidence fully establishes that on February 12th and 15th, 1961, the appellant Joyce Cook was an inmate of a bawdy house as charged in the respective informations against her, and that on February 15, 1961, the appellant June A. Carter was an inmate of a bawdy house at said premises as charged against her; said inmates being there for the purpose of prostitution. Such evidence is fully established by the uncontradicted testimony of Officers Wisa and Latham. City of Columbia v. Stout, supra.

■ In a careful review of the evidence we fail to find any substantial evidence which would sustain the finding that appellant Joanne V. Long did keep, maintain or manage the premises at 1521 North Ninth Street. Respondent would have us infer that Long was the keeper of the house from the fact that said appellant on February 12th

indicated to Officer Wisa that only one girl was working that night referring to Joyce Cook and said that Joyce Cook would take care of him, and that on February 15th she opened the door for Officer Latham and asked which one of the girls was going to take care of him. Respondent insists that we may infer that she was the "madam" of the house from the additional fact that she did not make herself available to the officers for prostitution.

■ We believe that more evidence is required to establish the offense under the ordinance of keeping, maintaining or managing a bawdy house than the inferences which respondent would have us make. Thus in State v. Bennett, supra, there was evidence that the keeper of the house had received compensation for the use-of the rooms. In State v. Hoelcher, supra, the defendant in being denied a license to operate a bawdy house stated that she would run one anyway. In City of Columbia v. Stout, supra, the defendant when asked who was running the house stated that she was. Likewise in State v. Davis, supra, the defendant admitted that he was the owner and manager of the place and the business operated therein. One of the essential elements necessary to establish the offense of "keeping" a bawdy or disorderly house is that the person keeping the house be the person having in whole or in part the management or control of the premises. 27 C.J.S. Disorderly Houses § 5c, p. 556.

For the reasons stated the convictions and judgments against appellant Joyce Cook in appeals Nos. 31,047 and 31,048 and against appellant June A. Carter in appeal No. 31,051 are affirmed, and the convictions and judgments against appellant Joanne V. Long in appeals Nos. 31,049 and 31,050 are reversed.

ANDERSON, Acting P. J., and RUDDY, J., concur.

WOLFE, P. J., not participating.