Benny BARBER and Dixie Barber,
Plaintiffs-Respondents.

v.

M. F. A. MILLING COMPANY,
Defendant-Appellant.

No. 9622.

Missouri Court of Appeals,
Springfield District.

April 15, 1976.

Donald E. Bonacker, Springfield, for plaintiffs-respondents.

O. J. Taylor, Ronald Baird, Taylor, Stafford & Gannaway, Springfield, for defendant-appellant.

Before BILLINGS, C. J., and TITUS and FLANIGAN, JJ.

TITUS, Judge.

Defendant compounded cattle feed which plaintiffs bought and fed to their bovines. Thereafter plaintiffs claimed that the feed contained an excessive amount of lead which caused death and sickness to their animals. A jury resolved the issues by awarding plaintiffs damages in the sum of $15,000.

■ The first point relied on by defendant is: "The trial court erred in permitting the plaintiffs to read certain portions of the deposition of witness Edward E. Pickett into evidence over defendant's objections, in that the admission of such evidence had no probative force and was erroneously prejudicial to defendant." This point preserves nothing for appellate review because it wholly ignores the directions of Rule 84.04(d), V.A.M.R., which are mandatory. *M & A Electric Power Cooperative v. Nesselrodt,* 509 S.W.2d 468, 470[1] (Mo.App.1974). It is impossible to ascertain from reading the point what parts of the deposition defendant is claiming were inadmissible [*Nibler v. Coltrane,* 275 S.W.2d 270, 274[5] (Mo.1955); *Lawson v. Cooper,* 475 S.W.2d 442, 447[7] (Mo.App. 1972); *City of St. Louis v. Cook,* 405 S.W.2d 545, 549[1] (Mo.App.1966); *Beasley v. Hull,* 400 S.W.2d 423, 425[1] (Mo.App.1966)], and while the point asserts that admission of the unspecified deposition testimony was error, the reasons given therefor are unadulterated abstractions which do not explain "why" such evidence allegedly had no probative force and was erroneously prejudicial. Abstract statements purporting to be reasons for averred trial court error do violence to the rule which requires a point to be specific. *Adams v. White,* 488 S.W.2d 289, 294[13] (Mo.App.1972); *Boyd v. Boyd,* 459 S.W.2d 8, 12[10] (Mo.App.1970). The

court of appeals is not obliged to search either the transcript on appeal or the argument portion of an appellant's brief to come by the meaning of a point on appeal. *Butterbaugh v. Public Water Supply Dist. No. 12,* 512 S.W.2d 445, 447[3] (Mo.App.1974); *In re Estate of Barks,* 488 S.W.2d 928, 930[5] (Mo.App.1972). The only manner in which we could ascertain what parts of the deposition are intended to be included in the point or "why" it is contended their admission into evidence lacked probative force and was erroneously prejudicial, would be to resort to the transcript and to the argument section of the brief. Therefore, the deficiency of the point becomes self-evident and the merit of its substance, if any, will be passed to another day when the point may be presented in acceptable form.

■ Plaintiffs' damage instruction charged the jury to measure plaintiffs' damages, if awarded, by "the difference between the fair market value of the cattle before they were damaged and their fair market value after they were damaged." Defendant, while conceding the instruction was in the language of MAI 4.02 except for changes necessary to adapt it to this particular case, nevertheless claims under Point II of its brief that the charge was erroneous because it "did not require the jury to determine the difference between the fair market value of the property *immediately before* and *immediately after* the alleged damage." As defendant's citations attest, the general rule is that evidence measuring damages for injury to personalty should relate to the difference between the reasonable or fair market value of the personalty immediately before the injury and immediately thereafter. *Hood v. M. F. A. Mutual Insurance Company,* 379 S.W.2d 806, 812[9] (Mo.App.1964). However, it does not follow that every evidentiary element necessary to be proved to authorize the submission of a particular instruction must be repeated in the charge to make it proper. *Brittain v. Clark,* 462 S.W.2d 153, 158–159 (Mo.App. 1970), and cases there cited.

■ Rule 70.01(b), V.A.M.R., requires that an applicable MAI "shall be given to the exclusion of any other on the same subject" [*DeArmon v. City of St. Louis,* 525 S.W.2d 795, 800 (Mo.App.1975); *Goodwin v. S. J. Groves & Sons Company,* 525 S.W.2d 577, 581 (Mo.App.1975)], and Rule 70.01(c) states "The giving of an instruction in violation of the provisions of this rule shall constitute error . . . ." These rules were strictly applied in *State ex rel. State Highway Commission v. Beaty,* 505 S.W.2d 147, 153–154[5–7] (Mo.App.1974) where the court erred in giving MAI 4.01 instead of MAI 4.02. There is no doubt that since plaintiffs sought only property damages, MAI 4.02 was the proper measure of damage instruction to be given. *Holt v. Myers,* 494 S.W.2d 430, 443 (Mo.App.1973). See also *Rotert v. Peabody Coal Company,* 513 S.W.2d 667, 676–677[5] (Mo.App.1974), where the court of appeals directed that upon retrial plaintiffs' damage instruction should follow MAI 4.02 rather than MAI 9.02 which employs the "immediately before" and "immediately after" wording. We find no error in giving the instruction, and moreover observe that if defendant feared the measure of damage instruction was susceptible to misunderstanding because of its general scope, it was incumbent upon defendant to submit an explanatory or modifying instruction before it can be heard to complain. Defendant offered no such instruction. *Bunge Corp. v. Valley Line Supply & Equipment Co.,* 480 S.W.2d 859, 864 (Mo.1972); *Miller v. Ranson and Company,* 407 S.W.2d 48, 54–55[11] (Mo.App. 1966); *Hough v. Jay-Dee Realty and Investment, Inc.,* 401 S.W.2d 545, 551[14] (Mo. App.1966); *Samuels v. Illinois Fire Ins. Co.,* 354 S.W.2d 352, 362[20] (Mo.App.1961).

■ Point III in defendant's brief asseverates the "trial court erred in overruling defendant's motion for directed verdict in that plaintiffs' evidence as to damages did not establish the fair market value of the plaintiffs' cattle immediately before and immediately after the alleged injury." Ignoring the obvious deficiencies in this point when compared with the requirements of Rule 84.04(d), the plaintiffs, hus-

band and wife, were shown to be the owners (as partners) of the cattle involved. They had been raised on dairy farms, had owned and raised cattle for many years and each, according to the testimony, was knowledgable of the cattle market from numerous dealings therein and other experiences therewith. Plaintiffs, therefore, being owners of the personalty in question and otherwise apparently qualified in the field, were entitled to testify as to the reasonable value of the property which had been damaged. The weight and value of their respective testimony was for the jury to determine. *Carnell v. Dairyman's Supply Company,* 421 S.W.2d 775, 779[9, 10] (Mo.1967). But more to the point advanced by defendant: When plaintiff husband was asked for his "judgment as to the difference in the value of your herd before this poisoning occurred and after this poisoning occurred," the only objection voiced was that "He has not been properly qualified . . . to give an opinion as to the difference, before and after difference in value." Defendant may not interpose one objection below and another on appeal. *Negley B. Calvin, Inc. v. Cornet,* 427 S.W.2d 741, 746[6] (Mo.App.1968). When plaintiff wife was questioned concerning the "before" and "afterwards" market prices of the cattle, not one objection was voiced to the questions propounded or the answers given. A trial court may not be convicted of error when no objection to the complained-of testimony was presented to it [*Hood v. Heppler,* 503 S.W.2d 452, 456[7] (Mo.App.1973)], and defendant's belated contention that plaintiffs' testimony as to damages did not qualify as lawful evidence to establish the fair market value of the cattle immediately before and immediately after the alleged occurrence was waived by its failure to object thereto upon any grounds or the ground now stated. *Brown v. Jones Store,* 493 S.W.2d 39, 41[2] (Mo.App.1973).

Defendant's final point, like its first point, does not comply with Rule 84.-04(d), V.A.M.R. Point IV says "The trial court erred in entering judgment in favor of plaintiffs in the sum of fifteen thousand dollars [the amount of the verdict] in that there was no substantial evidence to support the amount of the verdict and the same necessarily was the result of speculation and conjecture." To this point defendant cites only *Kennedy v. Tallent,* 492 S.W.2d 33, 39–40[10] (Mo.App.1973). Applicability of the citation to the facts and circumstances in the instant case wholly escapes us. Nothing in defendant's concluding point sets forth "wherein" there was no substantial evidence to support the amount of the verdict or "why" it is contended the verdict was the result of speculation and conjecture. *Davis v. Schott,* 508 S.W.2d 193, 194[2] (Mo.App.1974). For us to gain comprehension of the abstract statements contained in defendant's fourth point would require a search of the record and, in effect, cause us to become defendant's advocate and counsel. *Associates Discount Corp. of Iowa v. Fitzwater,* 518 S.W.2d 474, 477[1] (Mo.App.1974). This we respectfully decline to do.

The judgment is affirmed.

All concur.