Forrest A. WOMBLES, Plaintiff-Respondent,

v.

GENERAL AMERICAN LIFE INSURANCE COMPANY, Defendant-Appellant.

No. 9841.

Missouri Court of Appeals, Springfield District.

Aug. 10, 1976.

Motion for Rehearing or Transfer Denied Aug. 30, 1976.

Application to Transfer Denied Oct. 12, 1976.

Morran D. Harris, Osceola, for defendant appellant.

John M. Belisle, Osceola, for plaintiff respondent.

Before STONE, P. J., and HOGAN and TITUS, JJ.

HOGAN, Judge.

This action was brought by plaintiff upon an insurance policy issued by defendant General American Life to plaintiff as a member of the Automobile Club of Missouri. The cause was tried to the court; plaintiff had judgment in the amount of $1,611 plus $161 for vexatious delay together with a $500 attorney's fee. By stipulation, the judgment was reduced in the amount of $49.50. Defendant appeals.

The policy sued on is a "personal travel accident" policy. The policy provisions in issue provide indemnity for scheduled losses "resulting directly and independently of all other causes from accidental bodily injuries sustained while this policy is in force and: (1) while [the insured is] operating, riding in, demonstrating, adjusting or cranking an automobile". There are provisions for hospital benefits, but they are not material here. Issuance of the policy and receipt of the premium were admitted by the defendant.

At the time the casualty occurred, plaintiff, 25 years of age, lived on a farm or suburban acreage near Lowry City, Missouri. He was employed by the State Highway Department; the nature of his employment is not shown.

About 4:30 p. m. on the day of the accident, plaintiff finished his work and went home. Between 7:00 and 7:30 p. m. plaintiff decided to inspect his horses, which were in a pasture eight miles from his home. Plaintiff drove his pickup truck to the pasture, stopped and got out. When he shut the door he "turned around and noticed [a] stick of dynamite in the back of the truck" "[p]retty well over to the front and a little past middleways over" "sticking out from underneath" a bumper jack. Plaintiff explained that he had been "dynamiting some drift out of the branch there at home", that he had intended to use two sticks of dynamite but had used only one, and that he had put the unused stick of dynamite—fused—in the bed of the pickup and had forgotten about it.

In any case, as plaintiff stepped out of his truck, he noticed the dynamite in the bed of

the pickup, "just in there loose". Realizing that the dynamite was dangerous, plaintiff decided to put it "up in front so maybe it wouldn't bounce around and go off or something." Mr. Wombles stepped up on the running board along the side of the truck bed, moved some fishing tackle aside and picked up the dynamite. He then "reached down to get ahold of the side of the truck", apparently bumped the side of the truck bed and the dynamite exploded. As a result, plaintiff lost his right arm an inch above the wrist, lost his left eye, and "busted both ear drums". The defendant denied liability and this action followed.

The plaintiff—respondent here—has filed a motion to dismiss or affirm the judgment pursuant to Rule 84.10, principally upon the ground that the defendant's brief does not comply with the requirements of Rule 84.-04(d). Rule 84.04(d) provides that "[t]he points relied on shall state briefly and concisely what actions or rulings of the court are sought to be reviewed and wherein and why they are claimed to be erroneous". In the alternative, plaintiff asserts that the defendant has failed to demonstrate that the trial court's judgment is clearly erroneous for any reason.

In this connection, we should note that the phrases "de novo" and "clearly erroneous" no longer appropriately describe the scope of our review in bench-tried cases. Rule 73.01, para. (3), subparas. (a) and (b), were definitively construed in *Murphy v. Carron*, 536 S.W.2d 30, 32[1–3] (Mo. banc 1976), and we review this case in strict accordance with the admonition of that case. We think we must agree that defendant's brief fails to comply with the requirements of Rule 84.04(d), and although we decline to dismiss the appeal, we have concluded the judgment must be affirmed pursuant to Rule 84.10.

The principal "point" set out in the defendant's brief is that "[t]he findings and judgment of the [trial] Court are wholly unsupported by competent, relevant and material evidence. There is no basis in law or fact for finding that Plaintiff was either operating or adjusting a motor vehicle at

the time of the accident in question." Five cases, admittedly dissimilar because they involve different policy language, are cited. For the most part, defendant argues the merits by means of rhetorical questions, and the plaintiff has attempted to answer in a similar vein. Defendant cites *Schorling v. United States Fidelity and Guaranty Co.*, 239 Mo.App. 431, 188 S.W.2d 369 (1945), as a holding that a plaintiff cannot recover under a policy of this kind if he is outside the automobile, but the same court allowed recovery in *Crollard v. Northern Life Ins. Co.*, 240 Mo.App. 355, 200 S.W.2d 375 (1947), under similar policy provisions upon a showing that the insured was fatally injured when he fell from the rear bumper of his vehicle while attempting to disengage the bumper from that of another vehicle. As these cases and many others demonstrate, policies of the kind under consideration do not center upon the idea of the presence of the insured in his vehicle, but look to the activities and conduct being carried on when the injury is sustained. *Kennedy v. Maryland Casualty Co.*, 26 F.2d 501, 502[1–3] (W.D.La.1928); *Schorling v. United States Fidelity and Guaranty Co.*, supra, 239 Mo.App. at 433–434, 188 S.W.2d at 370[1, 2]; 6 Blashfield, Cyclopedia of Automobile Law and Practice § 4127 (perm. ed. 1945).

Some crude idea of the profusion of judicial views upon the general subject here involved may be drawn from the fact that 50 entries containing a definition of the phrase "operate a motor vehicle" are listed in 29A Words and Phrases at 396–400 (1972). A frequent prelude to opinions attempting to define the phrase "operate a motor vehicle" is the statement that the word "operate" has varying meanings according to context which primarily determines its meaning. See, e. g., *State Farm Mut. Auto. Ins. Co. v. Coughran*, 303 U.S. 485, 491, 58 S.Ct. 670, 672, 82 L.Ed. 970, 974 (1938); *Orth v. Universal Underwriters Ins. Co.*, 284 F.2d 857, 859–860 (9th Cir. 1960); *In re Boardman's Case*, 310 N.E.2d 593, 597, n. 5 (Mass.1974); *Lukaszewicz v. Concrete Research, Inc.*, 43 Wis.2d 335, 168 N.W.2d 581, 585[5] (1969). We can scarcely conceive a more precise way of saying that the word "operation" is ambiguous, but we do not base our holding upon a ruling that here the word "operation" is ambiguous "in context", whatever that may mean.

Time and again recently, the Court of Appeals has emphasized the necessity of tendering explicit issues for consideration on appeal. With deference to learned counsel for the defendant, the brief for defendant in this case amounts to little more than an invitation to search the record, discover the applicable law if we can, and thus become its advocates. We decline to do so. The judgment is affirmed.

All concur.