The CORNING BANK, a Banking Corporation, Plaintiff-Appellant,

v.

Gerald HAGER, Defendant-Respondent.

No. 10516.

Missouri Court of Appeals, Springfield District.

Jan. 10, 1978.

Ted M. Henson, Jr., Scott & Henson, Poplar Bluff, for plaintiff-appellant.

Ronald L. Little, Little, Million & Terando, Poplar Bluff, for defendant-respondent.

PER CURIAM.

Plaintiff is the assignee of Nationwide Building Contractors, Inc. (Nationwide). On October 18, 1974, defendant and Nationwide entered into a written contract under which Nationwide was to provide the labor and materials incident to the erection of a steel building according to certain specifications. The contract price was $29,140 payable in three installments. The first installment ($7,285) was paid by defendant on execution of the contract.

The building was only partially completed. Plaintiff sued for the balance of the contract price. The answer of defendant alleged, among other things, that the building was not constructed in accordance with the specifications, that the portion of the building which was completed was of no value, and that Nationwide had abandoned the contract. The trial court, sitting without a jury, rendered judgment in favor of defendant. Plaintiff appeals.

Plaintiff's first "point relied on" is that the trial court erred in failing to render "a brief opinion containing a statement of the grounds for its decision," Rule 73.01 para. 1(b), although the court had been requested to do so before final submission of the case. After the case was lodged here, this court, by order, directed that the appeal be held in abeyance and the cause be remanded to the circuit court for the preparation by the trial court of the "brief opinion containing a statement of the grounds for its decision." This court's order also directed that the opinion of the trial court be filed with the clerk of this court and that counsel be furnished with copies.

The trial court, in compliance with the order of this court, prepared a written "opinion containing statement of grounds for trial court's decision." That opinion contained the statement that the trial court found the issues in favor of defendant on certain grounds. Among the grounds were these: Nationwide breached the contract by "failing to complete the building as called for in the contract and by failing to carry the work to completion as rapidly as [called for] in the contract"; Nationwide failed to obtain and install doors needed to complete the building and to protect it from wind damage; Nationwide did not pay its subcontractors; plaintiff had no greater rights than Nationwide, its assignor. There was evidence to support the findings of fact included in the trial court's grounds.

Each party was given the privilege of filing a supplemental brief in light of the opinion of the trial court but neither exercised that privilege. Accordingly the appeal has been considered on the original briefs and arguments.

Plaintiff's first point now lacks factual support and is moot. There is no claim that the opinion of the trial court, prepared in

response to this court's order, did not comply with Rule 73.01 para. 1(b). Accordingly plaintiff's first point now has no merit.

Plaintiff's second "point relied on" is stated as follows: "The trial court erred in entering judgment for the defendant and against the plaintiff because there is not sufficient evidence to support that judgment." This point preserves nothing for appellate review for it violates Rule 84.04(d) in failing to state "briefly and concisely what actions or rulings of the court are sought to be reviewed and wherein and why they are claimed to be erroneous." Similar defective statements have been accorded the same fate. *Wombles v. General Am. Life Ins. Co.,* 541 S.W.2d 45, 46 (Mo.App. 1976); *Stokes v. Kelly,* 537 S.W.2d 562 (Mo. App.1976); *Barber v. M. F. A. Milling Company,* 536 S.W.2d 208, 211[13] (Mo.App. 1976); *Davis v. Schott,* 508 S.W.2d 193 (Mo. App.1974).

The judgment is affirmed.

All concur.