**Marquis A. BROWN, Respondent,**

**v.**

**Leo WILKINSON et al., Appellants.**

**No. 34621.**

Missouri Court of Appeals, St. Louis District.

May 15, 1973.

**680**

Kenneth W. Shrum, Marble Hill, for respondent.

Limbaugh, Limbaugh & Russell, Richard D. Kinder and Don U. Elrod, Cape Girardeau, for appellants.

CLEMENS, Judge.

In this court-tried case plaintiffs got a treble-damage judgment against Wilkinson under the tortious trespass statute (§ 537.-340 [1]) for cutting trees on their property. Plaintiffs concede they did not have record title to the five-acre tract where the trees grew but contend they had acquired ownership thereto by adverse possession.

Two square adjoining 40-acre tracts are involved. Plaintiffs owned the south 40 and used it regularly as a part of their 240-acre farm for pasturing cattle and growing

and cutting timber. Mr. and Mrs. Wilson owned the north 40 but had sold their timber rights thereon to defendant Wilkinson. About 1904 plaintiffs' and Wilsons' predecessors in title built and have continued to maintain an east-west partnership fence along what they considered to be the true line between the two 40-acre tracts.[2] New surveys have shown that in fact the division fence was about a hundred feet north of the quarter-quarter-section line. Within plaintiffs' fences were five acres to which the Wilsons had record title but had never made claim of ownership or challenged plaintiffs' right of possession. It was from this tract that defendant Wilkinson cut the timber in question.

Plaintiffs filed a two-count petition. Count I seeks to quiet title to the five acres under § 516.070 against the Wilsons, the record owners. Count II was for treble damages against Wilkinson for cutting plaintiff's timber under § 537.340. Defendant Wilkinson filed an answer to Count II. Defendants Wilson neither answered nor appeared and at trial plaintiffs dismissed as to them. Plaintiffs and defendant Wilkinson went to trial on Count II resulting in a $4,985.36 judgment for plaintiffs against defendant Wilkinson.

Defendant first contends the court erred in rendering judgment against him because it did not have jurisdiction over all persons claiming an interest adverse to plaintiffs, citing § 527.180 which prescribes procedure for perfecting title by limitations. This argument ignores the fact plaintiffs had dismissed Count I which had sought to quiet title, leaving Count II which only sought judgment against Wilkinson for damages. The gist of an action for trespass is disturbance of plaintiff's possession, not his record title. Poole v. Roloff, 361 S.W.2d 340 [7–11] (Mo.App. 1962). Adverse possession was an element

---

1. Section numbers refer to RSMo.1969, V. A.M.S.

2. In rural Missouri it is common knowledge that it is some times impractical for top-

ographical reasons to fence along geographical lines and adjoining owners frequently agree to fence along more practical boundaries, accepting the latter as their property line.

in this action because plaintiffs were contending their possession was lawful, an element in their trespass action against Wilkinson. Section 527.180 was inapplicable and Wilkinson was the only necessary party defendant.

■ Defendant's next point is that "the evidence presented did not properly establish adverse possession." This abstract statement does not comply with Rule 84.04(d), V.A.M.R., by stating wherein and why the trial court erred. It preserves nothing for review. Negley B. Calvin, Inc. v. Cornet, 427 S.W.2d 741 [1] (Mo.App.1968)[3].

■ Defendant challenges the evidence accepted by the court in setting the value of cut timber at $1,246.34. This was the valuation of a professional forester of admitted qualifications, based on detailed inspection of the tree stumps soon after the cutting. Defendant's value witnesses were less qualified and had made less thorough examinations many months after the cutting. Under Rule 73.01(d) we accept plaintiff's value evidence.

■ Defendant contends the court erred in awarding treble damages because he had probable cause to believe he had the right to cut the timber. The treble damage statute, § 537.340, says: "If any person shall cut down, injure or destroy or carry away any tree . . . growing on the land of any other person . . . the person so offending shall pay to the party injured treble the value of the things so injured, broken, destroyed or carried away, with costs." That section is tempered by § 537.-360 stating that if defendant "had probable cause to believe that the land . . . was his own, the plaintiff in the action or prosecution shall receive single damages only, with costs." Defendant had the burden of persuasion on this issue. Curlee v. Donaldson, 233 S.W.2d 746 [13–15] (Mo.App.1950).

■ Defendant says he did have probable cause to believe the five-acre tract was his own. Before cutting the fence in three places to enter the tract he had a surveyor mark out the true line, which was a hundred feet or so south of the fence line; he then cut timber only to the true boundary line. Standing alone that might show defendant's good faith but the trial court believed otherwise, based on substantial evidence: The Wilson-Wilkinson timber contract prohibited defendant from damaging fences. While negotiating the contract Mr. Wilson told defendant Wilkinson the fence was the Wilson-Brown boundary line and Wilkinson should not cut timber beyond the fence. Defendant's surveyor warned him he should investigate the law of adverse possession before going beyond the fence. Defendant waited until he had cut all timber from Wilson's land and then on one holiday weekend cut the Wilson-Brown fence in three places, cut down all timber and removed it to his stock pile. The trial court did not err in failing to accept defendant's good faith contention. Defendant was liable for treble damages.

■ Defendant contends the court improperly awarded plaintiff both actual damages of $1,246.34 *and* treble damages of $3,739.02 for a total of $4,985.36. Section 537.340 provides the offending defendant "shall pay to the party injured treble the value of the things so injured . . . ." The statute is penal and must be strictly construed. The trial court actually awarded plaintiffs quadruple damages. We hold that was error.

The judgment is reversed and the cause remanded with instructions to enter a new judgment for plaintiff for $3,739.02 plus interest and costs. Costs on appeal are taxed in favor of defendant.

DOWD, C. J., and McMILLIAN, J., concur.

---

3. As declared in the case of Donnell v. Vigus Quaries, Inc., 489 S.W.2d 223 [3] (Mo.App.1972), our increased case load requires us to limit review to points briefed in compliance with rules of appellate procedure.