Donald Lee **HAASE**,
**Plaintiff-Respondent**,

v.

Linda Miller **RICHMOND**,
**Defendant-Appellant**.

No. 10365.

Missouri Court of Appeals,
Springfield District.

Aug. 11, 1978.

Sam R. Gardner, Almon H. Maus, Monett, for plaintiff-respondent.

J. A. Appelquist, Kerry L. Montgomery, Springfield, for defendant-appellant.

Before BILLINGS, C. J., and TITUS and FLANIGAN, JJ.

PER CURIAM:

Plaintiff brought suit to specifically enforce the option-to-purchase portion of a 5-year lease which he and defendant-owner executed March 14, 1971. Inter alia, the contract reserved $85 per month rent unto defendant, which plaintiff faithfully paid, and provided that plaintiff "may purchase at any time said property [during the] next 5 years for the purchase price of $22,000." The Circuit Court of Lawrence County obliged plaintiff and defendant appealed.[1]

Defendant was a single woman when the contract relating to her farm was signed. She had no dealings with plaintiff prior to execution. All of plaintiff's negotiations had been with defendant's father who did not testify at trial. Defendant and her father drafted the "Lease with Option to Purchase" before it was taken to a notary public for typing. After some handwritten alterations were made, all initialed by defendant, the instrument was duly signed.

In 1965 defendant executed a deed of trust to the farm to secure a $10,500 Veterans' Administration loan; in 1968 she executed a second deed of trust to secure a $2,500 loan from her parents. On the day of trial (November 18, 1975) $8,300 was due the Veterans' Administration; no payments had been made on the parents' note.

Early in July 1974 plaintiff acquired assurance of a $22,000 bank loan to purchase the farm under the option. However, when the banker contacted defendant, she told him "that she wasn't willing to sell [the farm] according to the contract." Plaintiff then consulted a lawyer who, on July 16, 1974, wrote defendant: "[Plaintiff] previously advised you in person, that he was exercising this option to purchase and I now, in writing, formally notify you, on behalf of [plaintiff], that he is exercising this option purchase immediately, for the total purchase price of $22,000.00, in return for which we expect and are entitled to a full Warranty Deed and merchantable title of record to this land, free and clear of all

incumbrances. Please send to me a currently certified abstract of the property in question. As soon as the title has been examined and determined to be clear, we will then make arrangements to deliver the $22,000 total, so that all mortgages and incumbrances on the property will first be paid off, and the balance of the purchase price will be delivered to you, upon delivery of said deed."

Under date of August 13, 1974, defendant's lawyer replied: "[Defendant] does not have the same interpretation of the 'instrument' evidenced by your letter in that she maintains that the instrument if enforceable contemplates $22,000.00 net to her." Plaintiff's petition in this cause was filed in 1975 on St. Valentine's Day.

Mislabeled "Points And Authorities," the "Points Relied On" in defendant's brief (Rule 84.04(a) and (b), V.A.M.R.) read: "I The circuit court erred by failure [sic] to find that the notice given by [plaintiff] to [defendant] was insufficient to exercise the option and therefore no valid contract was created between the parties because [plaintiff] injected conditions in the acceptance which rendered it a conditional acceptance. (a) The Circuit Court erred by failure [sic] to find that the option should be strictly construed against the optionee. II The circuit court erred by failure [sic] to find that the contract between the parties should not be specifically enforced for the reason that enforcement of the terms of the contract created a hardship and produced an unjust result upon [defendant]. (a) The circuit court erred in finding that the fairness of the contract should be determined based upon the value of the property on the date the option was granted as opposed to the value of the property on the date the option was exercised."

■ Initially we note that this court is not obliged to seek through the transcript on appeal, the statement of facts nor the argument portion of an appellant's brief to

---

1. It is to be noted that plaintiff's prelitigation efforts to exercise the option, the filing of the petition herein and the trial of the cause all occurred prior to March 13, 1976, or before the option would have expired.

ascertain the intended meaning of points relied on. The "points relied on" in an appellant's brief should be written understandably and self-sufficiently without need to resort to the transcript or other portions of the brief to come by an understanding of their meaning. *Barber v. M. F. A. Milling Co.*, 536 S.W.2d 208, 209–210[4] (Mo.App. 1976); Rule 84.04(d), V.A.M.R. No appellate court should stand as an advocate to ferret out possible trial court errors [*Speicher v. Dunn*, 530 S.W.2d 45, 46[2] (Mo.App.1975)] and should confine its efforts solely to points briefed in compliance with the rules of appellate procedure [*Brown v. Wilkinson*, 495 S.W.2d 678, 681[5] (Mo.App.1973)], which are mandatorily applied in review of court-tried cases with the same force as in the review of jury-tried matters. *M & A Electric Power Cooperative v. Nesselrodt*, 509 S.W.2d 468, 470[1] (Mo.App.1974); *Freshour v. Schuerenberg*, 495 S.W.2d 116, 118[8] (Mo.App.1973).

▋ Point I leaves us to guess and conjecture "wherein and why" the trial court allegedly erred in failing to find that plaintiff's notice [whichever one that may have been—*Lusco v. Tavitian*, 296 S.W.2d 14, 16[4] (Mo.1956)] was insufficient because plaintiff injected conditions (whatever they may have been) that rendered plaintiff's acceptance conditional. Simply asserting what averred errors are without also stating wherein and why they are errors neither complies with Rule 84.04(d), V.A.M.R., nor preserves anything for appellate review. *State ex rel. State Highway Comm'n v. Heim*, 483 S.W.2d 410, 415[17] (Mo.App. 1972). Nonetheless, in excess of appellate duty, from the argument portion of defendant's brief we learn her contention is aimed at the July 16, 1974, acceptance letter of plaintiff's counsel, supra. Defendant contends that the letter unwarrantedly required the furnishing of a full "Warranty Deed and merchantable title of record . . . free and clear of all incumbrances." We do not agree with defendant that plaintiff's acceptance of the option via counsel's letter was made in a manner contrary to the agreed method. "An agreement to sell and convey land is in legal effect an agreement to sell a title to the land, and in the absence of any provision in the contract indicating the character of the title provided for, the law implies an undertaking on the part of the vendor to make and convey a good or marketable title to the purchaser. A contract to sell and convey real estate ordinarily requires a conveyance of the fee simple free and clear of all liens and encumbrances." 77 Am.Jur.2d, Vendor and Purchaser, § 115, at p. 296. Also, the "obligation of the vendor in a contract for the sale of land, in the absence of any provision or stipulation to the contrary, is to convey a good or marketable title, and this obligation cannot be satisfied by an offer to convey an estate subject to outstanding encumbrances; in the absence of anything in the contract itself indicating that the vendee is to take title subject to encumbrances, or of anything to indicate waiver on the part of the purchaser of his right to an unencumbered title, the vendor, under his obligation to furnish a good or marketable title, is bound to furnish a title that is free from encumbrances." 77 Am.Jur.2d, Vendor and Purchaser, § 191, at p. 369. As to defendant's contention that counsel's letter-request for an abstract of title made the acceptance conditional, "a mere request for an abstract, although the contract does not call for one, does not render the exercise of an option a conditional one and thereby taint its effectiveness." *Stringer v. Reed*, 544 S.W.2d 69, 78[17] (Mo.App.1976), and cases there cited.

▋ Point I(a) asserting trial court error because an "option should be strictly construed against the optionee," is simply an abstract statement of law that does not specify "wherein and why" the court did not so construe the option or why the court's construction and construing constituted error. The point neither complies with Rule 84.04(d), V.A.M.R., nor preserves anything for review. *Rotermund v. Basic Materials Co.*, 558 S.W.2d 688, 693[10, 11] (Mo.App.1977).

▋ As does Point I, Point II requires guessing and wondering "wherein and

why" specific performance of the agreement created a hardship and produced an unjust result upon defendant. A point relied on, such as this, which states nothing but conclusions and which omits the outlining of any evidence to aid the court in understanding the conclusion is not for consideration upon appeal. *State ex rel. State Highway Comm'n v. Graeler*, 527 S.W.2d 421, 425[4] (Mo.App.1975).

 Finally, we do not agree with the abstract assertion appearing as defendant's Point II(a). In deciding the availability of specific performance, courts generally will judge of the fairness or equity of the agreement in light of the facts which existed at the time the contract was made and ignore subsequent events. Absent a showing of fraud or bad faith, the mere fact the value of property has increased since an option contract was executed will not usually warrant a court in refusing to decree specific performance. The court nisi did not err in holding that the fairness of the contract was to be decided upon the value of the property at the time the option was granted. *Tuckwiller v. Tuckwiller*, 413 S.W.2d 274, 278[4] (Mo.1967); *Roberts v. Clevenger*, 225 S.W.2d 728, 733[10] (Mo. 1950); *Stringer v. Reed*, supra, 544 S.W.2d at 75[11]; *Sinclair Refining Co. v. Miller*, 106 F.Supp. 881, 885–886[11] (D.Neb.1952); *Steen v. Rustad*, 132 Mont. 96, 313 P.2d 1014, 1021[15] (1957); 71 Am.Jur.2d, Specific Performance, §§ 82 and 83, pp. 111–115; Annot., 11 A.L.R.2d 381, Specific Performance—Changes, § 3, pp. 397–401, § 6, pp. 406–413.

Judgment affirmed.

All concur.