**Lendell D. M. WALKER,
Plaintiff-Respondent,**

v.

**WOOLBRIGHT MOTORS, INC.,
Defendant-Appellant.**

**No. 11253.**

Missouri Court of Appeals,
Southern District,
En Banc.

Dec. 5, 1979.

Charles M. Wesley, Waynesville, for plaintiff-respondent.

J. Max Price, David L. Steelman, Salem, for defendant-appellant.

## PER CURIAM:

Defendant's predecessor, a Rolla Pontiac dealer, sold plaintiff a 1971 2-door Pontiac Trans Am automobile on January 15, 1975. Inter alia, on the reverse side of defendant's order form was printed: "[Defendant] warrants this car to be 100 percent 'Certified Conditioned' and unconditionally guaranteed. For a period of 30 days or 2,000 miles from purchase, [defendant] will repair or replace any defective part of component below at no cost to the purchaser for any parts or any labor." The day after plaintiff purchased the Trans Am he experienced unspecified mechanical difficulty with the vehicle and returned it to defendant for repairs. Defendant kept the car in its shop for about two weeks and returned it to plaintiff who immediately drove to Detroit, Michigan, where further mechanical difficulties developed. In his "Breach of Warranty" petition, plaintiff sought to recover $750.81 from defendant. The sum was what plaintiff allegedly had paid a Detroit Pontiac dealer "to replace engine, crankshaft, pistons and straighten oil pan" on the vehicle within the warranty period. A jury found for plaintiff in the full sum of his prayer and defendant appealed.

Albeit the prayer in plaintiff's petition was limited to the recovery of the "expended $750.81 to repair said defective vehicle", as his sole witness on the subject plaintiff was somewhat unartfully asked, through five transcript pages, for his opinion as to the difference between the actual value of the Pontiac on the date sold and what its value would have been at that time had it been as represented by defendant. Defendant's objections to the numerous questions of plaintiff in this vein were all sustained because "its [sic] outside the scope of the pleadings" and, as volunteered by the court, "he hasn't asked the proper question." In any event, no allowed answer went to the jury on the subject. But in spite of an absolute dearth of evidence relating to the matter, the court, at plaintiff's request and over defendant's objection, gave instruction number 5: "If you find in favor of the Plaintiff, then you must award Plaintiff such sums as you believe was the difference between the actual *cash* value of the 1971 Pontiac Sedan on the date it was sold to Plaintiff and what *it would* have been on that date had the 1971 Pontiac Sedan been as represented by Defendant." (Emphasis supplied).[1]

---

1. *Emphasis shows deviations from MAI 4.03 which reads: "If you find in favor of the plaintiff then you must award plaintiff such sum as* you believe was the difference between the actual value of the (*describe property* . . .) on the date it was sold to plaintiff and what its

As defendant urges here on appeal, since no evidence existed from which the jury could find the issues as submitted by Instruction No. 5, it was error to give the charge. "There is nothing more firmly entrenched in the law than the requirement that issues submitted in instructions to the jury be supported by evidence from which the jury could reasonably find such issue. 'An instruction which is not supported by the evidence is erroneous in that it is misleading and confusing.'" *Brassfield v. Sears*, 421 S.W.2d 321, 323 (Mo.1967); *Dickey Company, Inc. v. Kanan*, 537 S.W.2d 430, 434[7] (Mo.App.1976).

Although, as above noted, the judgment nisi must be reversed because of error in giving Instruction No. 5, we shall briefly examine defendant's point relied on (mislabeled "Points and Authorities" in disregard to Rule 84.04(d), V.A.M.R.) that the trial court erred in overruling its motion for a directed verdict and its post-judgment motion for judgment n. o. v. because plaintiff "failed to satisfy the condition precedent under the warranty in that no evidence was introduced to prove that [plaintiff] brought the 1971 Pontiac to [defendant's] place of business for replacement or repair of any defective parts."

▮ Wherein and why, as required by Rule 84.04(d) it is contended that plaintiff, by not bringing the vehicle to defendant for repairs or replacement of defective parts, failed to satisfy the unspecified condition precedent under the unexplained warranty can be understood only by resorting to the transcript and argument portion of defendant's brief, and this is something we are not required to do. *Haase v. Richmond*, 570 S.W.2d 341, 343–344[1] (Mo.App.1978). A point relied on should be penned so as to be

self-sufficient for understanding [*Barber v. M. F. A. Milling Co.*, 536 S.W.2d 208, 209–210[4] (Mo.App.1976)] as an appellate court is required to expend its efforts only on those points written in compliance with the mandatory rules of appellate procedure. *Brown v. Wilkinson*, 495 S.W.2d 678, 681[5] (Mo.App.1973). Furthermore, as previously observed, plaintiff did, in fact, return the vehicle to defendant for repairs the day after purchase and defendant, ostensibly, worked on it the ensuing two weeks. If defendant's point refers to plaintiff's failure to thereafter return the car to its Rolla shop rather than having the repairs or replacements performed in Detroit, Michigan, such a reference cannot be gleaned from the point as written. Moreover, an appellant on appeal is not permitted to broaden the scope of objections beyond that made to the trial court. *Plumlee v. Ramsay Dry Goods Company*, 451 S.W.2d 603, 605[4] (Mo.App.1970). It is enough to say that in its motions for directed verdict and judgment n. o. v., defendant nowhere referred to the warranty as limiting plaintiff's recovery by requiring plaintiff to bring the car to defendant's Rolla shop for repairs.

The other alleged errors relied on in defendant's appeal herein should not occur upon retrial and need not be considered.

Judgment reversed and cause remanded for a new trial.

All concur.

value would have been on that date had (*describe property*) been as represented by defendant." Notes on Use say this form may "be

used in breach of warranty cases (where supported by the evidence) if plaintiff elects this measure of damages."