**Sherry DAMPIER, Plaintiff-Appellant,**

v.

**Carl NICHOLS, Defendant-Respondent.**

**No. 11175.**

Missouri Court of Appeals,
Southern District,
Division One.

Jan. 14, 1980.

Dale H. Close, Richland, for plaintiff-appellant.

No appearance for defendant-respondent.

GREENE, Judge.

On February 2, 1975, plaintiff Sherry Dampier, her husband, Paul, and their 4 children were tenants on the Inez Andre farm in Dallas County. Mrs. Dampier was 37 years old and in good health. Ms. Andre, who was 80 years old, lived in Tulsa, Oklahoma. Her brother, defendant Carl Nichols, was her agent for the purpose of looking after the farm. Carl was 72 years old. He only had one leg and was practically blind in his right eye.

On the day in question, Carl went to the farm and started a conversation with Mrs. Dampier. An argument developed over the whereabouts of a cow, referred to at trial by defendant as "Cow 27". Plaintiff claimed defendant called her a cow thief. Plaintiff then threw a piece of wood at defendant, kicked at him, took his glasses off, and threw them to the ground. Plaintiff claimed defendant then grabbed her by the shoulders and shook her, at which time both parties fell to the ground. Plaintiff claimed that she injured her shoulder and neck in the fall. Defendant denied striking

or grabbing plaintiff. After the fracas ended, plaintiff complained to the county sheriff that defendant had assaulted her. Sheriff's deputies went to defendant's home, arrested him and took him to jail, where he was forced to spend the night. Criminal charges were filed against defendant, as a result of the incident, but were subsequently dismissed.

Plaintiff then sued defendant, asking for damages for the alleged assault. Defendant counterclaimed for damages against plaintiff, alleging malicious prosecution. After a trial, the jury returned a verdict for defendant on plaintiff's petition, and a verdict for plaintiff on defendant's counterclaim. Plaintiff appeals from the judgment entered by the trial court confirming the jury verdict for defendant on plaintiff's petition. Defendant did not appeal the counterclaim judgment.

Plaintiff raises two points on appeal. She first contends that the trial court erred "In submitting respondent's counterclaim to the jury for its consideration because the respondent failed to make a submissible cause on the elements of malicious prosecution." Plaintiff's first point states nothing but a conclusion. It omits the outlining of what evidentiary elements were missing from defendant's proof. It, therefore, does not preserve anything for appellate review. *Haase v. Richmond*, 570 S.W.2d 341, 344 (Mo.App.1978); Rule 84.-04(d), V.A.M.R. Furthermore, even if the point had been properly preserved, the judgment on the counterclaim is not before us, as the appeal by plaintiff is from the adverse judgment on her petition. Defendant did not appeal from the judgment adverse to him on the counterclaim. Plaintiff is not in a legal position to complain of a judgment favorable to her. *Bybee v. Dixon*, 380 S.W.2d 539, 540 (Mo.App.1964). Plaintiff's first point is denied.

Plaintiff's remaining point is that the trial court erred in admitting into evidence, over objection, testimony of a prior assault by plaintiff on a third person. Plaintiff contends that such evidence is allowable only where the defense of self-de-

fense is raised, which is not the case here. The evidence in question was that plaintiff had assaulted defendant's 80 year old sister several days prior to February 2, 1975. The sister, Ms. Andre, testified that plaintiff threw 2 chairs and a wrought iron smoking stand at her, struck her and pulled her hair during the assault. Ms. Andre further testified that immediately after this encounter, plaintiff complained of hurting her shoulder. The evidence was offered by defendant to show that the injuries complained of by plaintiff in this case could have been incurred in the earlier fight with Ms. Andre and, therefore, were not attributable to any action of the defendant. The testimony was received by the trial court on that basis.

The health and physical condition of plaintiff prior to February 2, 1975, was a legitimate subject of inquiry, as any competent evidence tending to prove or *disprove* the nature and extent of the injuries plaintiff claimed she received in her encounter with defendant was admissible. *Eickmann v. St. Louis Public Service Company*, 323 S.W.2d 802, 806 (Mo.1959). The trial court did not abuse its discretion in admitting the evidence complained of.

The judgment is affirmed.

All concur.